[Crim. No. 41. . Department One.—November 25, 1895.]

THE PEOPLE, RESPONDENT, *v.* HENRY JAMES ET AL., APPELLANTS.

CRIMINAL LAW—FORGERY BY INDIANS—ORDER FOR INTOXICATING LIQUOR. A forged order for the delivery of intoxicating liquor to bearer is, upon its face, capable of being used to defraud those who may act upon it as genuine, and is within the statute against forgery; and the fact that the defendants accused of the forgery are Indians and that the furnishing of intoxicating liquor to Indians is positively prohibited by law and made a felony, does not prevent the order from being the subject of forgery; and the fact that it was presented and passed by the defend-

ants is a false factor as to its being the subject of forgery, and the defendants may be properly convicted of the forgery.

ID.—CONTRACT—TEST OF FORGERY.—A writing which is a *nudum pactum* is not the subject of forgery; but the test of the forgery of a contract is whether, upon its face, it may have the effect to defraud those who may act upon it as genuine, or the person in whose name it is forged, and it is immaterial whether or not it covers a subject matter which makes it void as against public policy, or whether or not it possesses the legal requisites of negotiable paper or of an order, or whether or not the person in whose name it purports to be made has the legal capacity to make it, or whether or not the person to whom it is directed is bound to act upon it if genuine, or has a remedy over.

ID.—VARIANCE IN NAME OF PERSON TO BE DEFRAUDED—IDEM SONANS.—Where the forged order is signed Frank "Crushes," and the information alleges that it was forged with intent to defraud one Frank "Crusius," there is no material variance or difference in the names within the doctrine of *idem sonans;* and a demurrer to the information on account of such variance is properly overruled.

APPEAL from a judgment of the Superior Court of Del Norte County and from an order denying a new trial. JAMES E. MURPHY, Judge.

The facts are stated in the opinion of the court.

*R. W. Miller*, for Appellants.

The order was without legal efficacy, and not the subject of forgery, the consideration being illegal—hence no consideration. (*Eldorado County* v. *Davison*, 30 Cal. 521; *Carson etc. Co.* v. *Patterson*, 33 Cal. 334; *Martin* v. *Wade*, 37 Cal. 168; *Shartzer* v. *Love*, 40 Cal. 93; *Waterloo etc. Road Co.* v. *Cole*, 51 Cal. 382; *Abbott* v. *Rose*, 62 Me. 194; 16 Am. Rep. 427; *Brown* v. *People*, 86 Ill. 239; 29 Am. Rep. 25.) The name signed to the order was a fictitious name, and should have been so averred in the information, and the information should have further averred that the defendants knew that fact. (*People* v. *Elliott*, 90 Cal. 586; *People* v. *Dowd*, 4 Pac. Coast L. J., 459.)

*W. F. Fitzgerald, Attorney General*, and *Charles H. Jackson, Deputy Attorney General*, for Respondent.

Upon the principle of *idem sonans*, the variance in the name forged is not material. (*People* v. *Cummings*,

57 Cal. 88; *People* v. *Oreileus*, 79 Cal. 180; *People* v. *Leong Quong*, 60 Cal. 107; *People* v. *Leong Sing*, 77 Cal. 117; *Wells* v. *State*, 4 Tex. App. 20; Wharton's Criminal Practice, 9th ed., sec. 119; Wharton's Criminal Evidence, sec. 96; *Commonwealth* v. *Donovan*, 13 Allen, 571; *People* v. *Fick*, 89 Cal. 145.) The instrument forged was a proper subject of forgery, and it is immaterial whether it was against public policy or not. (*People* v. *Munroe*, 100 Cal. 665; 38 Am. St. Rep. 323.)

Van Fleet, J.—Defendants were convicted of forgery, the charge being that, with intent to defraud Frank Crusius and Gottlob Hess, they forged a false and fraudulent order for the delivery of chattels, in these words: "March 26, '95. Please give to bearer 5 gal. beer, and oblige Frank Crushes"; and passed said order upon Gottlob Hess.

1. The evidence discloses that the defendants are Indians, and it is urged in their behalf that, inasmuch as the sale or furnishing of intoxicating liquor to Indians is positively prohibited by law and made a felony, the order in question was without legal efficacy and void, and, therefore, not the subject of forgery; that, even if genuine, it was not an instrument which the defendants were capable in law of making use of, because the person upon whom it was drawn was not permitted to honor it, and, consequently, that the false making of it could not operate to the injury or defrauding of any one, and for that reason the act did not constitute forgery.

This argument assumes that the supposed infirmity of the forged paper appears upon its face, and, consequently, was bound to be taken notice of by the person upon whom it was drawn. But such is not the fact. The paper is drawn to bearer, and, assuming defendants' position to be true in the instance of a paper disclosing its invalidity upon its face, this paper in the hands of other than an Indian was susceptible of being made the engine of fraud and injury. In this view, the

fact that it was presented and passed by the defendants is wholly immaterial, and may be laid out of consideration as a false factor. If upon its face the paper is capable of being used to defraud those who may act upon it as genuine, it is within the statute. (*People* v. *Munroe,* 100 Cal. 664; 38 Am. St. Rep. 323, and cases there cited.)

In that case substantially the same objection was made as here, and it is there said by Mr. Justice Garoutte, speaking for the court: "There is no question but that a writing which is a *nudum pactum* is not the subject of forgery; but a contract which a court will not enforce, or even recognize, because it is against the policy of the law, cannot be termed a *nudum pactum.* A forged contract, even though it covers a subject matter which makes it void as against public policy, upon its face may present such an appearance that, if genuine, it might injure another, and such a one satisfies the test which we have laid down."

In *People* v. *Krummer,* 4 Park. Cr. 217, replying to a like objection, it is said: "We are never called upon to determine whether, in legal construction, the false instrument or writing is an instrument of a particular name or character. It is a matter of perfect indifference whether it possesses or not the legal requisites of a bill of exchange, or an order for the payment of money, or the delivery of property. The question is whether *upon its face* it will have the effect to defraud those who may act upon it as genuine, or the person in whose name it is forged. It is not essential that the person in whose name it purports to be made should have the legal capacity to make it, or that the person to whom it is directed should be bound to act upon it, if genuine, or have a remedy over."

Tested by these principles the contention of defendants cannot be sustained.

2. The objection that the demurrer to the information should have been sustained because it is alleged that the intent was to defraud one Frank "Crusius," and

the forged instrument alleged is signed Frank "Crushes," is without merit. Within the doctrine of *idem sonans* there is no material variance or difference in the names.

The judgment and order denying a new trial are affirmed.

GAROUTTE, J., and HARRISON, J., concurred.