[Sac. No. 398.   In Bank.—January 7, 1899.]

## HARRY F. G. TRUMPLER et al., Appellants, v. BARBARA TRUMPLER et al., Respondents.

APPEAL—JURISDICTION—RECALL OF REMITTITUR—FRAUD—VOID ORDER.—
The general rule that the supreme court cannot exercise juris-
diction over a case in which the *remittitur* has been issued by
its order and filed in the court below, rests upon the supposi-
tion that all of the proceedings have been regular, and that no
fraud or imposition has been practiced upon the court or the
opposite party. If such fraud or imposition has been practiced,
the court will assert its jurisdiction, and recall the *remittitur*,
upon the ground that the jurisdiction of the court cannot be
divested by an irregular or improvident order, and that an order
obtained upon a false suggestion is not the order of the court,
and may be treated as a nullity.

ID.— APPEAL IN PARTITION SUIT — TRANSFER OF RIGHTS — NEW TRIAL
ORDER—CONFESSION OF ERROR—FRAUD IN PROCURING REVERSAL.—
Where it clearly appears that the nominal parties to a friendly
action for partition had ceased to have any further interest in
the land, and had transferred their interest to a purchaser
thereof · and that, long after such transfer, the plaintiff in the
action made a motion for new trial, which was denied, and ob-
tained, by deception, a confession of error from the defendants'
counsel, which they imposed upon this court, and thereby pro-
cured a reversal of the order denying the new trial, and the issu-
ance and filing of a *remittitur* in the superior court upon such re-
versal, thereby injuriously affecting the rights of the purchaser
of the land, who was given no notice, and had no knowledge of
the proceedings, held that this court would, upon his motion, and
upon affidavits disclosing the facts, recall the *remittitur*, and
continue to exercise · jurisdiction over the appeal.

ID.—RIGHTS OF PURCHASER AS MOVING PARTY—LEGAL REPRESENTATIVE.—
A purchaser of all the property involved in an action of parti-
tion is the legal representative of all the nominal parties to the
action, within the meaning of section 473 of the Code of Civil
Procedure, and, under section 385 of that code, had control of
the action, both in the court below and in this court, and had the
right to move in this court to recall a *remittitur* obtained by
fraud of nominal parties to the record, in taking steps adverse
to his rights.

ID.—DISPOSITION OF PERSONAL PROPERTY.—The proper action to be taken in reference to the recalling of the *remittitur* upon motion of the purchaser of the lands involved in the partition suit, is not embarrassed by the fact that there was also a division of a small amount of personal property by the decree, of which there was no sale to the purchaser; but that part of the judgment may be disposed of upon the appeal in accordance with the wishes of the nominal parties to the action.

MOTION to recall a *remittitur*, and to dismiss an appeal from an order of the Superior Court of Yolo County denying a new trial. E. C. Hart, Judge.

The facts are stated in the opinion of the court.

Catlin, Shinn & Catlin, for J. H. Glide, the moving party.

J. Charles Jones, and McKune & George, for Appellants and Plaintiffs.

H. G. Soule, for Respondents and Defendants.

McFARLAND, J.—The case is now before us upon a submitted motion of J. H. Glide for an order recalling the *remittitur* hereinbefore issued, vacating the judgment of this court reversing the order of the superior court denying a new trial, and dismissing the appeal.

The facts upon which the motion is based, appearing upon the face of the moving papers, are substantially these: The parties named as plaintiffs and defendants were the heirs and successors in interest of one Louis Trumpler, deceased, who died August 15, 1882, leaving several large tracts of land in Yolo county. The action was for the partition among the parties to the suit of said land. The interest of each party was set forth in the complaint, which concluded with the prayer that the lands be partitioned among the parties according to their interest as alleged therein. The defendants filed an answer in which they "admit all and singular the allegations in the said complaint contained," and "also join in the prayer of said complaint" and suggest certain names as suitable persons to make division of said lands. Such proceedings were afterward had that an interlocutory decree was entered in accordance with the prayers of the parties, and the persons named in the answer were appointed referees to make the partition and division; and after-

ward, on January 17, 1887, a final decree was entered in which partition was made of the lands in accordance with the prayer of the complaint and of the answer. McKune & George appear as attorneys for the plaintiffs, and all the proceedings, and the interlocutory and final judgments, were in accordance with the consent of all the parties. Afterward, in 1888, all these parties to the action conveyed all their interest in the lands to the said Glide, who makes this motion; and he at that time entered into the possession of the lands and has been continuously in possession ever since. He paid for the lands forty-six thousand nine hundred and ninety-nine dollars and ninety-eight cents. On May 18, 1897—more than ten years after the entry of the judgment—another attorney, J. Charles Jones, without any substitution of attorneys having been made, filed in the court in which the judgment has been entered a notice on the part of the plaintiffs of an intention to move the court for a new trial. This notice had an admission of service indorsed on it by Harry G. Soule, as attorney for defendants. On the same day, May 18, 1897, an order was made in the court below denying the motion for a new trial. On May 20, 1897, notice of appeal to this court was given by the said attorney who moved for the new trial, and acknowledgment of service of the notice was by the said Soule, as attorney for defendants, indorsed thereon. On July 21, 1897, a stipulation was filed in this court signed by the said attorney, who appeared for plaintiff, and by the said Soule as attorney for defendants and respondents, by which it was confessed that the errors assigned by appellants in the record were well taken, and that the order denying a motion for a new trial should be reversed and the cause remanded to the superior court of Yolo county; and upon said stipulation an order was made by four of the justices of this court reversing the order denying the motion for a new trial and remanding the cause; and thereupon a *remittitur* was issued from this court on the twenty-fourth day of August, 1897. It appears by the affidavit of said Soule that he had no knowledge concerning the action except that he understood it was a partition suit; that he was informed by the attorney who appeared for the plaintiffs that it was merely a friendly suit; that there was no work for him to do except to sign a few papers, and that he agreed to act merely

as a personal accommodation to the attorney who appeared for plaintiffs, supposing that he would ask for nothing improper; that Harry J. G. Trumpler, one of the plaintiffs, whom he knew to be a brother of the defendants, also appeared with the attorney and asked that affiant appear and sign certain papers; that he supposed it was a family matter in which no one except members of the Trumpler family were concerned, and that the proceedings to be taken were the result of a friendly agreement between them; that he "did not know, nor was he any way informed of the fact, that a final judgment and decree had been rendered and entered in 1887 in the action in which said papers were filed"; that he "had no knowledge that J. H. Glide was interested in the property affected by said action, and did not know and had not heard that said Jones, the attorney who appeared for plaintiffs, was at that time prosecuting actions against said Glide to recover the property affected by said action"; and that he "did not know of any error of any kind in any way made in said action when he signed said 'confession of error,' nor does he now know of any such error except as stated to him, but he signed the same under the circumstances and in the manner and for the reasons hereinbefore stated, and because he understood that said defendants wanted him to do so." It appears further that one of the persons named as defendant, Barbara Trumpler, had died long before the date of said motion for a new trial and said confession of error, and that there had been no substitution of her personal representative as a party to the suit. It further appears that on the thirtieth day of March 1896, said Harry F. G. Trumpler, one of the plaintiffs herein, had commenced an action against Glide and others to partition the said lands, claiming an interest therein, and that all of the plaintiffs in this present action appeared in said last-mentioned action, either as plaintiffs or defendants, and claimed an undivided interest in the whole of said lands; that Glide had answered in said action claiming title to the whole of said lands under his purchase thereof as aforesaid; that said action came on for trial in June, 1898; that after all the other parties to the action had rested their case Glide offered the judgment-roll in this case at bar as a muniment of his title, and that the evidence was objected to by the other parties on the ground that the

judgment was not final because this court had, on the 24th of
July, 1897, reversed the order of the superior court denying a
new trial; and that Glide then learned for the first time of the
proceedings taken in this action for a new trial and of the judg-
ment of this court reversing the order denying a new trial.
Upon these facts Glide bases his motion to recall *remittitur*,
et cetera.

The general principles governing the jurisdiction of this
court over a case which has been here, after the issuance of *re-
mittitur*, and the power of the court to recall a *remittitur*, have
been well settled.     They were first elaborately stated in the
case of *Rowland v. Kreyenhagen*, 24 Cal. 52.     In that case the
court, having stated that as a general rule this court cannot
exercise any jurisdiction over a case in which a *remittitur* has
been issued by its order and filed in the court below, say as
follows: "But this general rule rests upon the supposition that
all of the proceedings have been regular, and that no fraud or im-
position has been practiced upon the court or the opposite party;
for, if it appears that such has been the case, the appellate court
will assert its jurisdiction and recall the case.     Against an
order of judgment improvidently granted, upon a false sugges-
tion, or under a mistake as to the facts of the case, this court will
afford relief after the adjournment of the term; and will, if
necessary, recall a *remittitur* and stay proceedings in the court
below.     This is not done, however, upon the principle of re-
sumption of jurisdiction, but upon the ground that the jurisdic-
tion of the court cannot be divested by an irregular or improv-
ident order.    · In contemplation of law, an order obtained upon
a false suggestion is not the order of the court, and may be
treated as a nullity.    If, under color of such an order, the
proceedings have in part found their way back to the court below,
yet in law they are considered as still pending in the appellate
court, and that court may take such steps as may be necessary
to make the fact and law agree.    These views are fully sustained
by the numerous authorities cited on the argument by counsel
for appellant." In *Vance v. Pena*, 36 Cal. 328, the court ordered
that the *remittitur* be recalled, and said as follows: "In *Rowland
v. Kreyenhagen, supra*, we held that, although this court loses
jurisdiction after the *remittitur* has been issued and filed in the

court below, yet if any fraud or imposition has been practiced
upon the court or the opposite counsel by the party procuring
the dismissal, or the order of dismissal has been improvidently
granted upon a false suggestion, the appellate court will recall
the *remittitur* and stay the proceedings in the court below, and
assert its jurisdiction, even after adjournment of the term, upon
the ground that its jurisdiction cannot be divested by such ir-
regular order, and that the order itself is a nullity. This must
be so, or intolerable injuries might result." The same rule
has been declared in *Hanson v. McCue,* 43 Cal. 178; *Bernal v.*
*Wade,* 46 Cal. 640; *Holloway v. Galliac,* 49 Cal. 149; *People v*
*McDermott,* 97 Cal. 249; *In re Levinson,* 108 Cal. 450.

The case at bar is one to which the principle above stated
clearly applies. It appears that the nominal parties plaintiffs
and defendants had no further interest whatever in the land;
that the motion for a new trial and the confession of error were
for the sole purpose of defeating the real party in interest, who
was given no notice and had no knowledge thereof; that the
attorney who appeared for the respondents and signed the con-
fession of error was deceived and beguiled into doing acts of the
purpose and consequence of which he had no conception, and
that the confession was an imposition upon this court by which
it was wrongfully induced by parties having no real interest in
the litigation to render a judgment injuriously affecting the
rights of the person who was the real owner of the land involved.
An intervention by Glide in the court below, after the setting
aside of a judgment which had stood for ten years, would afford
him no adequate remedy.

It is contended that because Glide was not a nominal party to
the record he is not in a position to make this motion; but this
contention cannot be maintained. The injury of which he com-
plains was done by this court in its order of reversal which was
based on the confession of errors, and made in ignorance of the
true state of the facts; and he is entitled to have his remedy
where the wrong was done. As to the land involved, he was
the legal representative of all the nominal parties to the action
within the meaning of section 473 of the Code of Civil Pro-
cedure (*Plummer v. Brown,* 64 Cal. 429), and under section 385
he had control of the action; and he had the right to exercise

that control in whatever condition, or at whatever point, the action was when he first discovered that his grantors—the nominal parties—had taken steps adverse to his rights. Section 385 applies to this court, except in instances where the code otherwise provides, or where it would be evidently applicable only to the *nisi prius* court; and the case at bar does not present such instance. Although no case exactly like the one at bar has been called to our attention, yet in *People v. Mullan,* 65 Cal. 396, the views above stated were substantially declared.   In the latter case default was wrongfully entered against the defendant Mullan, but before the default he had conveyed the land in contest in the action to the Cucamonga Company, who moved to set aside the default. The court below had denied the motion, apparently upon the ground that the company was in no position to make it; but this court reversed the order refusing to open the default.   The company, a corporation, appealed.   The court say: "But we regard the corporation as in legal effect the assignee and legal representative of Mullan, and standing in his shoes.   We think the motion was well made.   (Code Civ. Proc., sec. 473; *United States v. Patterson,* 15 How. 12.)   The company could have moved in the name of Mullan, and it has substantially done this.   We should be sacrificing form to substance to hold otherwise.   The same remarks apply to the appeal."   The same general principle was announced in *Malone v. Big Flat etc. Co.,* 93 Cal. 384.   In that case the Del Norte Gravel Mining Company was the grantee of the defendant's land involved in the action, and, although not a nominal party to the action, moved to set aside a default against the defendants. The court below denied the motion, and the Del Norte company appealed. This court reversed the motion and said, among other things, as follows: "The Del Norte Gravel Mining Company, as grantee of the defendant, had a clear right in its own name to move to have the default and judgment set aside, and, on denial of its motion, to appeal from the order, and thus bring the matter to this court for review.   (*Plummer v. Brown,* 64 Cal. 429; *People v. Mullan,* 65 Cal. 396.)"   The same general principle was decided in *Plummer v. Brown, supra.*   There is nothing in the cases cited by respondent in conflict with these views.   In *Leonis v. Biscailuz,* 101 Cal. 330, the only question was whether

a person could become a formal intervenor in this court under section 387 of the Code of Civil Procedure, and it was held that that section could be invoked only, as it expressly provides, "before the trial." In *Faulkner v. Hendy,* 99 Cal. 172, there was a motion of an assignee of one of the parties for a substitution of attorneys submitted upon conflicting affidavits, and although that motion was denied it was ordered that the assignee's attorney be allowed to file briefs in the case; and in the matter of *In re Ryer,* 110 Cal. 556, the only question involved was as to the proper parties to be served with notice of appeal; and neither of these cases presented the state of facts which we have here in the case at bar.

The proper action to be had here is not at all embarrassed by the fact that in addition to the partition of the lands there was also a division of a small amount of personal property. That part of the judgment which involves the personal property may be disposed of in accordance with the wishes of the nominal parties to the action.

Under the above facts the judgment reversing the order denying a new trial must be set aside and the *remittitur* recalled. We think, however, that the appeal should not at present be dismissed, but that the parties should have a further hearing as to that part of the action if so desired.

The judgment of this court heretofore rendered reversing the order of the superior court denying a new trial is set aside; and the *remittitur* heretofore issued on the twenty-fourth day of August, 1897, is hereby recalled, and the clerk of the superior court of Yolo county is hereby directed to return the same to the clerk of this court. The motion to dismiss the appeal will be placed upon the law calendar for further hearing.

Temple, J., Harrison, J., Garoutte, J., and Henshaw, J., concurred.

Rehearing denied.