[Sac. No. 294.  In Bank.—April 6, 1899.]

M. M. MARTIN et al., Appellants, v. J. C. WAGNER et al., Respondents.

APPEAL—REVERSAL AFTER DEATH OF RESPONDENT—VALIDITY OF DECISION —REMITTITUR—LOSS OF JURISDICTION.—A decision rendered by this court reversing the judgment of the trial court, after the death of the respondent, where no suggestion of his death, or motion to substitute his representatives has been made, is not void, but at the most erroneous; and where no fraud or imposition has been practiced upon this court, upon the issuance of the *remittitur*, the judgment of reversal becomes a finality, beyond the power of this court to modify or amend.

ID.—MOTION TO RECALL REMITTITUR—SUBSTITUTION OF REPRESENTATIVES. Where the attorneys who represented the respondent upon the appeal after his death, after the lapse of more than two years therefrom, and long after the filing of the *remittitur* in the superior court, moved to recall the *remittitur*, and to substitute the personal representatives of the respondent in this court, without any explanation or excuse for the delay, held, that such motion should be denied, and that the proper substitution should be left to be made upon the new trial in the superior court.

MOTION in the Supreme Court to recall a *remittitur* issued to the Superior Court of San Joaquin County. Joseph H. Budd, Judge.

Elliott & Elliott, for the Motion.

James A. Louttit, for Appellants *contra*.

HENSHAW, J.—The appeal in the above-entitled cause was pending in this court upon the twenty-fourth day of October, 1896. Upon that day defendant and respondent Wagner died. After his death a brief was filed by James A. Louttit on behalf of the appellants, and by Elliott & Elliott on behalf of respondents. Subsequently these attorneys entered into a stipulation submitting the cause for decision, and upon April 19, 1898, this court rendered its judgment reversing that of the trial court. No petition for a rehearing was presented, and the *remittitur* issued in due time. No suggestion of the death of Wagner, nor request for a substitution of his representatives, was made until December 5, 1898, when Elliott & Elliott, who had been Wagner's attorneys in the litigation, and who now appear as the attorneys for his executrices, moved the court to recall the *remittitur* and to substitute the executrices in place of Wagner, deceased. No attempt is made to excuse the delay, nor is any explanation offered why the suggestion of the death of Wagner was so long delayed.

Were the judgment so rendered by this court void, it would be its plain duty to recall the *remittitur* and restore the appeal to the calendar, and this not upon the ground that the court could resume jurisdiction which it had lost, but because it had never lost jurisdiction at all. Such is the well-established rule in those courts which treat a judgment so pronounced against a dead man as a mere nullity. In this state, however, it has been decided that when, in his lifetime, jurisdiction of the party and of the subject matter has been acquired, the rendition of a judgment after his death, without substitution of parties, is not void, but at the most erroneous. (*Phelan v. Tyler*, 64 Cal. 80; *Wallace v. Center*, 67 Cal. 133.) Where fraud or imposition has been practiced upon this court in procuring its judgment, the *remittitur* will be recalled, and jurisdiction here will be reasserted upon the ground that the judgment so procured is a nullity. But in this case no charge of fraud is made. In its legal aspect it stands in no different position from that of any other case in which an erroneous decision may chance to have been made by this court. Under the constitution, by the lapse of time and the issuance of the *remittitur*, the judgment has become a finality, beyond the power of this court to modify or amend. But,

aside from the question of the power of the court under these circumstances to recall the *remittitur*, the facts presented in this case do not invite the exercise of such power. No reason is shown why the death of Wagner was not suggested earlier. Elliott & Elliott, who had represented him in his lifetime, continued to act in the case. The respondents thus were represented by the very attorneys who had been under the employ of Wagner. They filed a brief on his behalf. They stipulated to a submission of the cause. Not till long after the issuance of the *remittitur* did they suggest his death, and in the suggestion offer no showing as to why it was not more timely made. The same attorneys appear for the representatives of Wagner. It is not asserted that the decision of the court is erroneous in point of law in any other respect than in the manner of its rendition. No injury is shown to have resulted from the decision, and no possible advantage is to be gained to the executrices of Wagner by granting this motion, other than that of unduly delaying and prolonging this litigation. By the judgment of this court the cause was remanded for a new trial. Upon the new trial in the superior court the proper substitution can be made and the litigation determined upon its merits.

The application to recall the *remittitur* and substitute his personal representatives in the place of Wagner, deceased, is, therefore, denied.

Beatty, C. J., Temple, J., Harrison, J., and Garoutte, J., concurred.