[L. A. No. 483.  In Bank.—September 21, 1900.]

AMELIA B. BAKER et al., Respondents, v. SOUTHERN CALIFORNIA RAILWAY COMPANY, Appellant.

APPEAL—REVERSAL OF JUDGMENT—DIRECTION FOR COSTS—REMITTITUR— LACHES.—Where a judgment of the superior court is reversed on appeal, without the insertion in the order of any direction as to costs, it is the duty of the clerk of the supreme court, under rule XXIII of that court, to enter upon the record a judgment that appellant recover his costs of appeal, and to insert such direction in the *remittitur*. If the clerk enters the judgment correctly, but omits to insert such direction in the *remittitur*, the appellant is entitled to have the *remittitur* recalled, and a proper one issued, and it is not laches to delay the application therefor to the next term of the supreme court in the district in which the appeal was heard.

ID.—ATTEMPT TO COLLECT COSTS.—The fact that the appellant made two unsuccessful attempts to collect his costs under two imperfect *remittiturs* issued by the clerk is no objection to the application.

ID.—APPLICATION TO RECALL REMITTITUR—GROUND OF MOTION.—An objection to the application on the ground that the notice of the motion did not specifically state that it would be made on

[3] 73 Am. St. Rep. 31.
    CXXX. Cal.—8

the ground that the *remittitur* failed to conform to the judgment will not be sustained, where the terms of the notice otherwise disclose that this was the ground of the motion, and the opposite side was not prejudiced by the omission.

APPLICATION to recall and correct a *remittitur* originally issued herein.

The facts are stated in the opinion of the court.

C. N. Sterry, and Henry J. Stevens, for Appellant.

Withington & Carter, for Respondents.

BEATTY, C. J.—This is a motion to recall and correct the *remittitur* originally issued herein.

The judgment of the superior court was reversed October 31, 1899, without inserting in the order any direction as to costs (126 Cal. 516), and under rule XXIII of this court it became the duty of the clerk to enter upon the record a judgment that appellant recover its costs of appeal, and to insert this direction in the *remittitur*. The clerk entered the judgment correctly, but omitted to insert the proper direction in the *remittitur*, and when the appellant filed its cost bill the superior court, on motion of respondents, struck it out. Subsequently, the clerk of this court, without any order so to do, sent down another *remittitur* containing a proper direction as to costs, but omitting a copy of the opinion, whereupon appellant filed a second cost bill, which also was stricken out by the superior court on motion of respondents. Thereupon this motion was made at the ensuing Los Angeles term.

Respondents oppose the motion upon various technical grounds. In the first place they say the notice of motion does not state the grounds upon which it will be based. It is true that the notice does not expressly state that it will be made upon the ground that the *remittitur* does not conform to the judgment, but the terms of the notice clearly disclose that this is the ground of the motion, and, in the absence of a law or rule of court requiring an explicit statement of the grounds of a motion, we would not deny a proper measure of relief merely because of a failure to set out the grounds of the motion, un-

less it appeared that such omission had prejudiced the opposite side—and no such prejudice was possible in this case. Nor was it laches to delay moving until the next Los Angeles term. The case belongs in that district, and the interest and convenience of the parties was promoted by a hearing at that city, while no possible injury to respondents could result from the delay. The showing in support of the motion was sufficient. There was a certified copy of the *remittitur* sent down, and, as we take notice of our own judgment in the case, the defect in the *remittitur* was made apparent. There was no want of jurisdiction to make our *remittitur* conform to our judgment. This case does not fall under the rule that a *remittitur* will only be recalled when fraud or imposition has been practiced upon the court. That rule is applied where the object of recalling the *remittitur* is to reinvest the court with jurisdiction of the cause, in order that it may revoke or revise its judgment or order. Here the whole purpose of the motion is to make the *remittitur* conform to the final judgment of the court, and it is based upon the proposition that by a clerical omission no proper *remittitur* has ever been issued. Finally, it is no objection to this motion that the appellant made two unsuccessful attempts to collect its costs under the two imperfect *remittiturs* heretofore issued.

It is ordered that the *remittitur* heretofore issued be recalled, and a correct *remittitur* issued in its place, containing the proper direction as to costs.

Henshaw, J., Temple, J., McFarland, J., Harrison, J., and Garoutte, J., concurred.