[L. A. No. 1281. Department One.—September 11, 1903.]

## RALPH GRANGER, Respondent, v. J. A. SHERIFF et al., Appellants.

FORECLOSURE OF MORTGAGE—AMENDMENT OF DECREE—APPOINTMENT OF COMMISSIONER—VALIDITY OF SALE.—A minute order amending a decree for the foreclosure of a mortgage so as to allow a commissioner to sell the property, does not change it in matter of substance; and such amendment, together with an order appointing a commissioner to make the sale, in effect superseded the appointment of the sheriff by the original decree. A sale made by the commissioner so appointed is valid, and will not be set aside merely on that ground.

ID.—EX PARTE APPOINTMENT—NOTICE NOT REQUIRED.—The court is authorized to appoint a commissioner to make a sale under foreclosure, by its judgment, or at any time after judgment. The statute does not require notice of the appointment, and the order appointing the commissioner may be obtained *ex parte.*

ID.—STAY OF EXECUTION—FILING OF REMITTITUR.—A stay of execution of a decree of foreclosure pending an appeal therefrom, ceases to operate when the *remittitur* from the supreme court is filed in the clerk's office of the superior court. The failure of the clerk to follow the directions given in section 958 of the Code of Civil Procedure, cannot deprive the superior court of its jurisdiction, nor keep alive the stay of execution.

APPEAL from an order of the Superior Court of San Diego County denying a motion to vacate a sale under a decree of foreclosure. N. H. Conklin, Judge.

The facts are stated in the opinion.

Luce & Sloane, for Appellants.

Frederic W. Stearns, for Respondent.

CHIPMAN, C.—Appeal by defendants from an order of the superior court of San Diego County denying their motion to vacate and set aside a sale of real estate under a decree of foreclosure. There is no brief on file for respondent. The judgment directed that the mortgaged premises "be sold at public auction in the manner provided by law by the sheriff

of the said county of San Diego," and was embodied in the writ or order for its enforcement. Without notice to defendant, plaintiff's attorney obtained an *ex parte* order of the court, which was entered in the minutes by the clerk as follows: "On motion of counsel for plaintiff, it was ordered that the findings of fact and the conclusions of law and judgment and decree herein be amended so as to order the sale herein ordered to be made by the sheriff of the county of San Diego or by a commissioner to be appointed by the court, and that all acts ordered to be done by said sheriff may be done by such commissioner." No amendment of the decree was made, except by entry upon the minutes of the clerk. Thereafter the court made an order appointing George H. P. Shaw to make the sale of the premises, and pending proceedings to sell an appeal was taken to the supreme court, and a stay of execution was had, and said commissioner made return of the writ of execution without sale. Thereafter, on July 24, 1901, the judgment of the superior court was affirmed by the supreme court, and its judgment certified to the clerk of the said superior court and filed herein on August 27, 1901, but said certificate was at no time attached to the judgment-roll in said action, and no minute entry of the judgment of the supreme court was at any time made on the docket against the original entry, prior to the foreclosure sale herein. On August 29, 1901, the court made an order reappointing the said Shaw as commissioner to make the said foreclosure sale, under said decree, without notice to defendants or either of them, and without further record than as herein set forth. In its order the court recited the making of the judgment by the supreme court, and that *remittitur* "has been duly received and filed in the office of the clerk of said superior court," and that it appeared by return of the commissioner that by reason of said appeal to the supreme court no sale had been made, "and that a commissioner should be appointed to make said sale at this time, and an *alias* writ addressed to said commissioner be issued to enforce the said judgment. It is therefore, upon motion of Frederic W. Stearns, attorney for said above-named plaintiff, ordered that George H. P. Shaw be and he is hereby appointed the commissioner to make the sale of the premises ordered to be sold in and by said judgment," etc.

Thereafter, on September 5, 1901, a writ or order of sale was issued by said court, reciting therein the judgment of foreclosure, also reciting the appointment of said Shaw as commissioner and the filing of his bond, and directing him to sell the property and "to perform all things according to the terms and requirements of said judgment and decree and the provisions of the statute in such cases made and provided." The commissioner proceeded under the said writ and made the sale and issued to the purchaser a certificate of sale, and on the same day made full return of his proceedings to the court. In his return the commissioner states that before any bids were offered or made on the day of sale, he was served with written notice by the attorneys of defendant, protesting against and objecting to any sale by him under the decree of foreclosure, or at all, on the ground that the writ of execution under which the commissioner was proceeding was without authority of law, and is void, and on the further ground that the order appointing said commissioner is void and without authority. Some time thereafter defendant's attorneys served notice of the motion to set aside and vacate the sale. It is contended: 1. That where one person is constituted an officer of the court to make a judicial sale no other person is authorized to make it, and the sale by another is void; 2. That when the court by the decree appointed the sheriff to make the sale its power was exhausted, and no other appointment could be made, except upon a vacancy happening by revocation of the order or incapacity of the sheriff to act; 3. That the judgment appointing the sheriff could not afterwards be vacated by amendment, *ex parte,* and that the decree was not, as a matter of fact or of law, amended, and the sale was made by the commissioner directly under authority of the decree as originally entered directing the sheriff to sell; and 4. That no jurisdiction existed to issue the writ of execution or order of sale, because the certificate of the supreme court on appeal had not been attached to the judgment-roll, nor had a minute of the judgment of the supreme court been entered on the docket, as required by law. It is not claimed or shown that defendants were in any way prejudiced or injured by the sale, or that it was irregularly conducted otherwise than as above shown. *McDermot* v. *Barton,* 106 Cal.

194, was a case where the complaint prayed for the appointment of the sheriff to sell the property, and the decree ordered a sale of the mortgaged property by the sheriff. On the day the decree was signed, and without amending it in this particular, the court made an order appointing a commissioner to make the sale. Defendants appealed from the order. The court said: "The essence of such a prayer is an invocation of a *judicial sale.* The method of its consummation, so long as pursued within the power conferred upon the court, is of no moment; and had the prayer of the complaint been silent as to the officer by whom the sale asked for was to be made, it would have been equally efficacious. So, too, the fact that the decree as entered by the court ordered the encumbered property to be sold by the sheriff, while the order made and entered the same day appointed a commissioner to discharge the same duty, was but an oversight of the court below not calling for an appeal, but which might have been remedied, and, as the record furnishes all the information required, may be at any time remedied by a simple motion to amend and correct the decree by striking out the word 'sheriff' and inserting 'commissioner' wherever they occur in such decree." The order was affirmed. Precisely this course was taken in the present case, only the decree was not amended by vacating the decree and its re-engrossment with the amendments as directed by the first order. But the amendments and the order were part of the minutes in the case, and we think in effect superseded the appointment of the sheriff. No one could be misled by the proceedings, for the order under which the commissioner proceeded gave notice of his authority, and it is not claimed or shown that the property brought less than its value or that appellants were prejudiced by the sale. If the order in *McDermot* v. *Barton* was authorized, where no amendment of the decree was in fact made or attempted to be made, the order in the present case was authorized, and, if so, the subsequent proceedings under the order must likewise be held to have been authorized. *McDermot* v. *Barton* is in point from another view. The appeal to the supreme court was subsequent to the order amending the judgment, and when the judgment went back affirmed it stood without amendment, and defendants contend that it was

never amended in fact or in law. When the court reappointed the commissioner it was without amendment of the judgment, as was the case in *McDermot* v. *Barton*. In this view the two cases are similar. But it is said the order was made without notice to defendant. Section 726 of the Code of Civil Procedure authorizes the court to make the appointment "by its judgment or any time after judgment." The statute requires no notice, and we do not think the order was of such character as requires notice to be previously given to defendants before it could be made. Considered as amended, the judgment was not changed in any substantial respect. No new burden was put upon defendants, and no new rights conferred upon plaintiff. The cases cited by appellant are instances of amendment of judgments in substance, which it may be conceded could not be done *ex parte*, and in the manner shown. The appointment of a commissioner does not go to the substance of the decree. As was held in *McDermot* v. *Barton*, the essence of the decree is a judicial sale, and the method of its consummation, if done within the power of the court, is of no moment. In *Newmark* v. *Chapman*, 53 Cal. 557, a sheriff sold the property on foreclosure, without any writ issuing as provided in sections 682 and 684 of the Code of Civil Procedure, and with no other authority than the decree, which did not direct the sheriff to execute it. The sale was held erroneous but not void. Appellants cite cases holding, where authority was given to appoint to an office, which has been exercised, that a subsequent appointment to the same office will be void, unless the prior incumbent has been removed, or the office has otherwise become vacant; as, for example, a new administrator cannot be appointed whilst a former administrator is in office. (*Haynes* v. *Meeks*, 20 Cal. 310; *Estate of Hamilton*, 34 Cal. 464.) But we have seen that the court could amend the decree by naming a commissioner to make the sale, and that such subsequent appointment superseded the direction given to the sheriff. The cases cited do not apply. An administrator who has been duly appointed, and is in the exercise of his office, has duties and responsibilities placed upon him directly, and exclusively connected with his office. There can be but one administrator. The sheriff, however, may, by virtue of his office and the

general powers given him, execute the foreclosure decree un-
der a writ issuing to him without other appointment by the
court, and he may do so even without any writ. (*Newmark*
v. *Chapman,* 53 Cal. 557.)    Naming him in the decree con-
ferred no new powers upon him, but merely authorized the
exercise in this particular case of such as he already pos-
sessed.    The law authorized the appointment of a commis-
sioner, and in naming a commissioner the court does not and
need not interfere with the office of sheriff or remove that
officer.    The court simply designates another person to per-
form the duty, as the law says it may do.    It is finally con-
tended that the superior court was without authority to
enforce the decree, the stay of execution on the appeal being
still operative.    This claim is based on the failure of the
clerk to follow the direction given in section 958 of the Code
of Civil Procedure, which provides that ''In cases of an ap-
peal from a judgment, the clerk with whom the roll is filed
must attach the certificate to the judgment-roll, and enter a
minute of the judgment of the supreme court on the docket
against the original entry.''    This was not done, but it appears
from the order of the court appointing the commissioner
''that the judgment heretofore duly given and made by this
court in said above-entitled action has been by the supreme
court . . . . duly affirmed, and that the *remittitur* from said
supreme court has been duly received and filed in the office
of the clerk of said superior court.''    The section also pro-
vides that ''when judgment is rendered upon the appeal, it
must be certified by the clerk of the supreme court to the
clerk with whom the judgment-roll is filed or the order ap-
pealed from is entered.''    This was done, and the certificate,
or *remittitur,* as it is called, was received and filed by the
clerk of the superior court.    ''Under the constitution, by the
lapse of time and the issuance of the *remittitur,* the judg-
ment has become a finality beyond the power of the court to
modify or amend'' (*Martin* v. *Wagner,* 124 Cal. 204), and
the jurisdiction of the supreme court ends.    (*Herrlich* v.
*McDonald,* 83 Cal. 505; *In re Levinson,* 108 Cal. 450.)    When
the *remittitur* is filed with the clerk ''with whom the judg-
ment-roll is filed'' the jurisdiction of the superior court re-
attaches.    The failure of the clerk to make the entries required

by section 958 and attach the certificates to the judgment-roll did not deprive the court of its jurisdiction nor render nugatory its order nor keep alive the stay of execution on the appeal. When the supreme court lost jurisdiction by its final action the stay-bond was at an end. A somewhat similar question arose in *Niles* v. *Edwards*, 95 Cal. 41. There the clerk of the supreme court failed to enter in his minutes the order of the court modifying a judgment until after the expiration of thirty days from the time the judgment was pronounced in department. An order was made in Bank modifying the judgment and directing that the cause be remanded for a new trial. An opinion was prepared, but was not filed with the clerk, nor was it entered in his minutes, until after thirty days had expired. Appellant moved for a *remittitur* on the original judgment. The court said: "The order of the court was not rendered nugatory by reason of the failure of the clerk to enter it in his minutes. . . . The action of the court does not depend upon the entry of its orders by the clerk, but upon the fact that the orders have been made, and whenever it is shown that an order has been made by the court it is as effective as if it had been entered of record by the clerk." Here the certificate had been issued, was received by the clerk, and filed. Its effect could not be destroyed by the failure of the clerk to attach it to the judgment-roll or enter it in his minutes.

It is advised that the order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.