[Civ. No. 1950.    Third Appellate District.—July 1, 1919.]

CRENSHAW BROS. and SAFFOLD (a Partnership), Respondents, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

[1] Appeal—Final Judgment—Issuance of Remittitur—Power of Court to Recall and Modify Judgment.—Where the judgment on appeal has become final, the appellate court has no power to recall the *remittitur* and amend or modify the judgment where it is not claimed that there was fraud, or that the court was imposed upon or that, by its judgment, it inadvertently failed to state which party should pay the costs of the appeal.

[2] Id.—Effect of Judgment—Misapprehension of Counsel.—Misapprehension of counsel for respondent in assuming that a judgment of the appellate court reading, "and, as thus modified, the judgment is affirmed," meant that the judgment of the superior court was affirmed in every particular, except the amount recovered thereunder, and that under rule XXIII of the appellate courts respondent would recover his costs on appeal, furnishes no ground for recalling the *remittitur* and setting aside the judgment and amending it in any particular after the judgment has become final and the *remittitur* gone down.

[3] Id.—Effect of Section 473, Code of Civil Procedure—Exercise of Discretion After Jurisdiction Lost.—While section 473 of the Code of Civil Procedure gives the court wide discretion "to relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect," this discretion cannot be exercised in a case where the court has lost its jurisdiction.

APPLICATION for an order recalling the *remittitur,* and to correct the judgment of the District Court of Appeal. Denied.

The facts are stated in the opinion of the court.

Arthur L. Levinsky for Appellant.

L. T. Hatfield for Respondent.

CHIPMAN, P. J.—This is an application for an order recalling the *remittitur,* and, also, to correct the judgment of this court in the action made on the eighth day of April, 1919.

The judgment of the lower court from which the appeal was taken was for the principal sum of $3,163.50, with interest thereon at the rate of seven per cent per annum, as follows: . . . In reviewing the case, this court reached the conclusion that the amount of recovery should be the sum of $1,528.06, with interest thereon at the rate of seven per cent per annum, as follows: . . . thus modifying the judgment and reducing the principal in the sum of $1,635.44. The plaintiff in the action petitioned the supreme court for a hearing in that court, which was on June 5, 1919, denied. No petition for rehearing in this court was filed and no motion made to correct the judgment of this court, either as to the amount found to be due plaintiff from defendant or as to the matter of costs on the appeal. The matter stood thus until June 13, 1919, when the present application was filed.

It appears from the application that after the *remittitur* was received and filed by the clerk of the lower court appellant served its cost bill upon respondents' attorney, who thereupon came to this court for the relief asked.

Section 1027 of the Code of Civil Procedure provides as follows: "'The prevailing party on appeal shall be entitled to his costs excepting when judgment is modified, and in that event the matter of costs is within the discretion of the appellate court . . . '" Rule XXIII, 177 Cal. liii, [176 Pac. xi], provides that: "In all cases in which the judgment or order appealed from is reversed or modified, and the order of reversal or modification contains no directions as to the

costs of appeal, the clerk will enter upon the record, and insert in the *remittitur*, a judgment that the appellant recover the costs of appeal. In all cases in which the judgment or order appealed from is affirmed, the clerk will enter upon the record, and insert in the *remittitur*, a judgment that the respondent recover the costs of appeal.''

[1] The clerk of this court acted in obedience to this rule in issuing the *remittitur* and the rule itself is authorized by the statute. The supreme court in *Granger* v. *Sheriff*, 140 Cal. 190, 195, [73 Pac. 816, 818], said: ''Under the constitution by the lapse of time, and the issuance of the *remittitur*, the judgment has become a finality beyond the power of the court to modify or amend (*Martin* v. *Wagner*, 124 Cal. 204, [56 Pac. 1023]) and the jurisdiction of the supreme court ends. (*Herrlich* v. *McDonald*, 83 Cal. 505, [23 Pac. 710]; *In re Levinson*, 108 Cal. 450, [41 Pac. 483, 42 Pac. 479]). When the *remittitur* is filed with the clerk with whom the judgment-roll is filed the jurisdiction of the superior court attaches.'' In the case, *In re Levinson*, *supra*, a motion was made to recall the *remittitur* for the purpose of securing a modification of the direction made therein for the payment of the costs of the appeal. The court said (109 Cal. 459, [42 Pac. 479]): ''Without reference to the merits of the motion it comes too late. The *remittitur* was regularly issued on September 6, 1895, and this motion was not noticed until October 18th following. If respondent desired a modification of the judgment in any respect, the proper application should have been made before the going down of the *remittitur*. (*Gray* v. *Palmer*, 11 Cal. 341.) When the *remittitur* has been duly and regularly issued, without inadvertence, we have no power to recall it. This court therefore loses jurisdiction of the cause, except in a case of mistake, or fraud or imposition practiced upon the court, neither of which elements appear in this case. (*People* v. *Sprague*, 57 Cal. 147; *Rowland* v. *Kreyenhagen*, 24 Cal. 52.)'' (See *Trumpler* v. *Trumpler*, 123 Cal. 248, [55 Pac. 1008].)

In *Martin* v. *Wagner*, 124 Cal. 204, [56 Pac. 1023], cited in *Granger* v. *Sheriff*, 140 Cal. 190, 195, [73 Pac. 816, 818], the court said: ''Where fraud or imposition has been practiced upon this court in procuring its judgment, the *remittitur* will be recalled and jurisdiction will be reasserted upon

the ground that the judgment so procured is a nullity. But in this case no charge of fraud is made. In its legal aspect it stands in no different position from that of any other case in which an erroneous decision may chance to have been made by this court. Under the constitution, by the lapse of time and the issuance of the *remittitur,* the judgment has become a finality, beyond the power of this court to modify or amend.''

Obviously, we cannot amend the *remittitur* should we recall it without first amending the judgment and, as we have seen, this we cannot do. It is not claimed that there was fraud, or that the court was imposed upon or that, by its judgment, it inadvertently failed to state which party should pay the costs of the appeal. [2] The mistake alleged was on the part of counsel for respondent, as counsel stated, in assuming that the judgment reading, ''and, as thus modified, the judgment is affirmed,'' meant that the judgment of the superior court was ''affirmed in every particular, except the amount recovered thereunder.'' The misapprehension of counsel as to the effect of the judgment furnishes no ground for recalling the *remittitur* and setting aside the judgment and amending it in any particular. As we understand the decisions in the cases cited, we must hold that this court, under the circumstances shown, is without jurisdiction to afford the relief prayed for.

[3] Section 473 of the Code of Civil Procedure gives the court wide discretion to ''relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.'' But this discretion cannot be exercised in a case where the court has lost its jurisdiction.

The application is denied.

Burnett, J., and Hart, J., concurred.