[Civ. No. 4811.    First Appellate District, Division One.—September 24, 1924.]

## In the Matter of the Petition of WALTER J. PETERSEN, Petitioner, v. CIVIL SERVICE BOARD OF THE CITY OF OAKLAND et al., Respondents.

[1] APPEAL—CERTIORARI—REVERSAL OF JUDGMENT—COSTS—REMITTITUR. Where a judgment of a superior court, dismissing a writ of review after trial upon the merits, was reversed upon appeal and no order on appeal was made as to costs, the clerk of the appellate court very properly, in obedience to section 1027 of the Code of Civil Procedure and Rule XXIII of the supreme court, entered upon the record and inserted in the *remittitur* a judgment that appellant recover the costs of appeal.

[2] ID.—CERTIORARI—COSTS—JUDGMENT IN REMITTITUR—CORRECTION OF — JURISDICTION. — The insertion by the clerk of the appellate court of a judgment in the *remittitur* that the appellant, who obtained a reversal of the judgment of the superior court dismissing a writ of *certiorari* to review an order of a civil service board, recover the costs of appeal (no order on appeal being made as to costs), cannot be corrected merely by recalling the *remittitur* and striking therefrom the objectionable provision as to costs; but it will require, first, a judicial determination by the appellate court that appellant is not legally entitled to costs, and, secondly, a modification of the judgment on appeal by adding thereto an order to that effect, and neither of these things has the appellate court the power to do, where at the time the motion to recall the *remittitur* was filed the judgment on appeal had long since become final and the court had lost jurisdiction.

---

(1) 15 C. J., p. 258, sec. 647.    (2) 4 C. J., p. 1245, sec. 3309.

1. See 7 Cal. Jur. 309.

MOTION to recall *remittitur* and to strike therefrom provision relating to recovery of costs on appeal.   Motion denied.

The facts are stated in the opinion of the court.

Cedric W. Petersen and Charles W. Fisher for Petitioner.

Leon E. Gray, City Attorney, and Markell C. Baer, Assistant City Attorney, for Respondents.

KNIGHT, J.—Motion by respondents for an order to recall the *remittitur* issued herein on June 30, 1924, and to strike therefrom the words "the appellant to recover costs of this appeal."

The appellant Walter J. Petersen commenced this proceeding in *certiorari* in the superior court of Alameda County for the purpose of having reviewed and annulled certain proceedings of the Civil Service Board of the city of Oakland in regard to the reinstatement of the appellant as a member of the Oakland police department.   After issue was joined and a trial had upon the merits, the trial court confirmed the order of the said Civil Service Board, dismissed said writ of review, and allowed respondents their costs.   Petersen appealed from the judgment of said trial court and on April 30, 1924, said judgment was reversed.   (*Petersen* v. *Civil Service Board,* 67 Cal. App. 70 [227 Pac. 238].)

The respondents then petitioned for a hearing before the supreme court and their petition was denied on June 26, 1924.   (*Petersen* v. *Civil Service Board, supra.*)   Thereafter, and on June 30, 1924, the *remittitur* was issued by the clerk of this court and filed in the office of the clerk of the trial court on July 1, 1924.

Respondents contend that a *certiorari* proceeding is not one of those proceedings included within the provisions of section 1027 of the Code of Civil Procedure, which allows costs to a prevailing party on appeal; that in the instant case the decision of the Civil Service Board sought to be annulled was rendered by said board while sitting in a judicial capacity, and that therefore neither the Civil Service Board nor any individual member thereof, nor the city of Oakland, is liable

for costs; that because said judgment on appeal, by its terms, made no allowance for costs, it was improper to insert in the *remittitur* an order for the recovery thereof. In support of their contentions respondents cite and rely principally upon the cases of *Platnauer* v. *Superior Court*, 33 Cal. App. 394 [165 Pac. 41]; *City of Oakland* v. *Pacific Coast Lumber etc. Co.*, 172 Cal. 332 [Ann. Cas. 1917E, 259, 156 Pac. 468].

[1] It must be borne in mind, however, that the proceeding before us was not an original application to this court for a writ of review, but was a direct appeal from a judgment of the superior court rendered after trial upon the merits. The terms of the judgment rendered upon appeal were that the judgment of the superior court be reversed, and no order was made as to costs. Section 1027 of the Code of Civil Procedure provides: "The prevailing party on appeal shall be entitled to his costs excepting when judgment is modified, and in that event the matter of costs is within the discretion of the appellate court. . . ." Rule XXIII of the supreme court reads: "In all cases in which the judgment or order appealed from is reversed or modified, and the order of reversal or modification contains no directions as to the costs of appeal, the clerk will enter upon the record and insert in the *remittitur* a judgment that the appellant recover the costs of appeal. . . ." Therefore, in view of the fact that the judgment here was reversed without an order being made as to costs, the clerk of this court very properly, in obedience to said code section and said rule, entered upon the record and inserted in the *remittitur* a judgment that appellant recover the costs of appeal.

[2] Assuming, however, as respondents contend, that it now appears that, owing to the nature of the proceeding, appellant was not entitled, as a matter of law, to a judgment for the recovery of costs on appeal, a point we do not find it necessary to determine, the error complained of cannot be corrected by recalling the *remittitur* and striking therefrom the objectionable provision as to costs; but it will require, first, a judicial determination by this court that appellant is not legally entitled to costs, and, secondly, a modification of the judgment on appeal by adding thereto an order to that effect. At this late date we have no power to do either, for the reason that at the time the motion under

consideration was filed the judgment on appeal had long since become final and this court had lost jurisdiction. In *Crenshaw Bros.* v. *Southern Pac. Co.,* 42 Cal. App. 44 [183 Pac. 208], it was held as follows: ''The Supreme Court in *Granger* v. *Sheriff,* 140 Cal. 190, 195 [73 Pac. 816, 818], said: 'Under the Constitution by the lapse of time, and the issuance of the *remittitur,* the judgment has become a finality beyond the power of the court to modify or amend (*Martin* v. *Wagner,* 124 Cal. 204 [56 Pac. 1023]), and the jurisdiction of the supreme court ends. (*Herrlich* v. *McDonald,* 83 Cal. 505 [23 Pac. 710]; *In re Levinson,* 108 Cal. 450 [41 Pac. 483, 42 Pac. 479].) When the *remittitur* is filed with the clerk with whom the judgment-roll is filed the jurisdiction of the superior court attaches.' In the case *In re Levinson, supra,* a motion was made to recall the *remittitur* for the purpose of securing a modification of the direction made therein for the payment of the costs of the appeal. The court said (108 Cal. 459 [42 Pac. 479]) : 'Without reference to the merits of the motion it comes too late. The *remittitur* was regularly issued on September 6, 1895, and this motion was not noticed until October 18th following. If respondent desired a modification of the judgment in any respect, the proper application should have been made before the going down of the *remittitur.* (*Gray* v. *Palmer,* 11 Cal. 341.) When the *remittitur* has been duly and regularly issued, without inadvertence, we have no power to recall it. This court therefore loses jurisdiction of the cause, except in a case of mistake, or fraud or imposition practiced upon the court, neither of which elements appear in this case. (*People* v. *Sprague,* 57 Cal. 147; *Rowland* v. *Kreyenhagen,* 24 Cal. 52.)' (See *Trumpler* v. *Trumpler,* 123 Cal. 248 [55 Pac. 1008].)''

The motion is denied.

St. Sure, J., and Tyler, P. J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 17, 1924.

Myers, C. J., dissented from order denying petition.