[L. A. No. 8040. In Bank.—September 16, 1925.]

Estate of STEEHLER, Deceased. ROSE H. STEEHLER, as Administratrix, etc., et al., Appellants, v. RAY L. RILEY, as State Controller, etc., Respondent.

[1] INHERITANCE TAX—APPEAL—COSTS AGAINST STATE CONTROLLER —COURT RULE INAPPLICABLE.—Under section 17, subdivision 5, of the inheritance tax statute (Stats. 1921, p. 1520), no costs may be charged against the state controller in any proceeding taken under that statute; and such statute, and not Rule 23 of the rules of the supreme court, must be read into the decision of the supreme court and prevail where the state controller is the losing party on appeal and the judgment makes no provision for the recovery of costs.

[2] ID.—JUDGMENT AGAINST STATE CONTROLLER—ERRONEOUS REMITTITUR—REMEDY.—In an inheritance tax case, where the decision of the supreme court on appeal is adverse to the state controller and the judgment makes no provision for the recovery of costs, the issuance of a *remittitur* containing the provision, "the appellants [the prevailing parties] to recover costs of appeal," is in violation of the inheritance tax statute, is no part of the judgment of the supreme court, and is an inadvertence on the part of the

2. See 7 Cal. Jur. 310.

clerk of said court; and a motion to recall such *remittitur*, for the purpose of striking such erroneous provision therefrom, is the appropriate remedy of respondent.

(1) 37 **Cyc.**, p. 1586, n. 13.   (2) 4 **C. J.**, p. 1245, n. 99; 37 **Cyc.**, p. 1586, n. 13.

MOTION to recall and correct *remittitur* in an inheritance tax case.   Granted.

The facts are stated in the opinion of the court.

Hunsaker, Britt & Cosgrove and John N. Cramer for Appellants.

Ralph W. Smith, State Inheritance Tax Attorney, Wesley E. Marten, Assistant State Inheritance Tax Attorney, Erwin P. Werner and Adrian C. Stanton for Respondent.

THE COURT.—This was an inheritance tax case. The decision of this court in reversing the judgment made no provision for the recovery of costs. The clerk, however, issued a *remittitur* containing the provision "the appellants to recover costs of appeal." The present motion is to recall the *remittitur* and to strike from it the last-named provision. The motion is, therefore, limited to the question as to whether or not the costs on appeal were recoverable against this respondent. [1] The inheritance tax statute (Stats. 1921, p. 1520), section 17, subdivision 5, provides with reference to the state controller "that no undertaking shall be required from or costs charged against the state controller in any such proceeding." The statute was read into our decision and was a part of it. Rule 23 of this court could not, of course, prevail as against the statute. [2] It follows, therefore, that the insertion of the words "appellants to recover costs of appeal" was in violation of the statute, was no part of our judgment, and was an inadvertence on the part of the clerk. The cases cited are not out of harmony touching this subject. The case of *Peterson* v. *Civil Service Board,* 68 Cal. App. 752 [230 Pac. 196], was a case to which the rule of this court upon the subject of costs was properly applicable. The action of the clerk, therefore, in that case was in conformity with our judgment and our rule

and it followed that the motion to recall the *remittitur* some time after the *remittitur* had been issued for the purpose in reality of amending our judgment could not prevail. Judge Knight's decision in that regard was correct, but that case has no application to the case before us. The case of *San Joaquin & Kings River Canal & Irr. Co.* v. *Stevinson,* 165 Cal. 540 [132 Pac. 1021], is directly in point, and points out the procedure to be followed in such cases by this court.

The motion is granted. The *remittitur* is recalled for the purpose of striking therefrom the provision "The appellant to recover costs on appeal" and as corrected is ordered to issue forthwith.