[Civ. No. 7183.  Second Appellate District, Division Two.—May 6, 1931.]

E. J. DELOREY, Appellant, v. THE BOARD OF PUBLIC WORKS OF THE CITY OF LOS ANGELES et al., Respondents.

Hill, Morgan & Bledsoe, L. E. Whitehead and E. H. Delorey for Appellant.

Hewitt, McCormick & Crump, Frank W. Stafford and Frank M. Smith for Respondents.

ARCHBALD, J., *pro tem.*—Motion by respondents to recall *remittitur* and to strike therefrom the provision that "appellant recover his costs of appeal" and insert instead thereof the direction that "respondents recover their costs of appeal".

The judgment herein was on appeal (*Delorey* v. *Board of Public Works,* 110 Cal. App. 362 [194 Pac. 479]), modified by an instruction to the lower court to issue its mandate directing respondents to pay the amount of $200 to appellant for salary accruing between the date he was removed from office by the mayor of Los Angeles and the date such removal was assented to by the city council, this court having held that the act of removal, while in the discretion of the mayor, was not complete until such assent was given. No issue was raised in the trial court as to such amount being due appellant. Respondents admitted that it was due, but appellant contended that the mayor had no jurisdiction to summarily remove him from office and in consequence that he was entitled to the entire month's salary. Petition by appellant for a hearing in the Supreme Court was denied February 9, 1931, and on February 13th the *remittitur* was issued by the clerk of this court to the court below with a provision that appellant recover his costs of appeal. The motion now before us was filed March 11, 1931.

Respondents contend that inasmuch as the purpose of the appeal was to obtain a reversal of the judgment of the lower court, which sustained the right of the mayor summarily to remove appellant from office, with the assent of the council, and in view of the fact that in all important and contested matters such judgment was affirmed, appellant should not have been awarded his costs, but on the contrary,

the *remittitur* should have contained a provision that respondents recover their costs on appeal.

Rule XXIII of the rules of the Supreme Court and District Courts of Appeal, so far as pertinent here, reads: "In all cases in which the judgment or order appealed from is reversed or modified, and the order of reversal or modification contains no direction as to the ·costs of appeal, the clerk will enter upon the record and insert in the *remittitur* a judgment that the appellant recover the costs of appeal." The order of reversal in this case did not contain any direction as to costs, although it did modify the judgment appealed from in the particulars mentioned. Such rule does not give the clerk any authority to do anything except what he did, so it is not a case of his failing to perform his duty under the rule, as was the situation in the cases of *Baker* v. *Southern California Ry. Co.*, 130 Cal. 113 [62 Pac. 302], and *Morgrage* v. *National Bank of California,* 25 Cal. App. 133 [142 Pac. 1124]. Neither is it a case of his awarding costs in default of a direction of the court in a matter where by law costs could not be awarded, as in *Estate of Steehler,* 197 Cal. 67 [239 Pac. 718], and *San Joaquin etc. Inv. Co.* v. *Stevinson,* 165 Cal. 540 [132 Pac. 1021], nor a case of failing to comply with rule 23 and awarding costs on modification of the judgment to respondents (*Joerger* v. *Pacific Gas & Elec. Co.,* 207 Cal. 8 [276 Pac. 1017]). Section 1027 of the Code of Civil Procedure, so far as applicable here, provides, the italics being ours: "The prevailing party on appeal shall be entitled to his costs *excepting when judgment is modified, and in that event the matter of costs is within the discretion of the appellate court.*" It will be seen from the above that neither party was entitled to costs as a matter of right, such question being for the court to determine in its discretion. The case is one, as respondents say, in which such discretion might well be exercised in favor of respondents, who were successful on appeal on every contested issue. The question before us, then, is: Can we after the judgment has become final use our discretion and change it in the matter of the award of costs where the clerk has acted in obedience to rule 23 and not contrary to law?

In the case of *Martin* v. *Wagner,* 124 Cal. 204 [56 Pac. 1023], it appears that the respondent died while the appeal

was pending in the Supreme Court. No suggestion of the death was made to such court, and after judgment was reversed, no petition for rehearing having been presented, the *remittitur* was in due time issued. A motion was thereafter made to recall the *remittitur* and substitute the executrices in place of the decedent. The court at page 205 says: "Were the judgment so rendered by this court void, it would be its plain duty to recall the *remittitur* and restore the appeal to the calendar, and this not upon the ground that the court could resume jurisdiction which it had lost, but because it had never lost jurisdiction at all. . . . Where fraud or imposition has been practiced upon this court in procuring its judgment, the *remittitur* will be recalled, and jurisdiction here will be reasserted upon the ground that the judgment so procured is a nullity. But in this case no charge of fraud is made. In its legal aspect it stands in no different position from that of any other case in which an erroneous decision may chance to have been made by this court. Under the Constitution, by a lapse of time and the issuance of the *remittitur*, the judgment has become a finality, beyond the power of this court to modify or amend."

In the case of *Crenshaw Bros.* v. *Southern Pac. Co.*, 42 Cal. App. 44 [183 Pac. 208, 209], the judgment of the trial court was modified by reducing the amount of the judgment. No petition for rehearing was filed or motion made to correct the judgment, either as to the amount thereof or the matter of costs on appeal, and the clerk in accordance with rule 23, the same as the clerk in the instant case, inserted a provision in the *remittitur* that appellant recover costs. Respondent moved to recall the *remittitur* and correct the judgment. After reviewing the cases the court said: "As we understand the decisions in the cases cited, we must hold that this court, under the circumstances shown, is without jurisdiction to afford the relief prayed for."

In *Petersen* v. *Civil Service Board*, 68 Cal. App. 752 [230 Pac. 196], it was contended on a similar motion that under the decisions costs should not have been awarded against respondent Civil Service Board on the reversal of the case, as under the decisions appellant was not entitled as a matter of law to the costs against respondent. The court on page 754 of the opinion says: "Assuming, however, as re-

spondents contend, that it now appears that, owing to the nature of the proceeding, appellant was not entitled, as a matter of law, to a judgment for the recovery of costs on appeal, a point we do not find it necessary to determine, the error complained of cannot be corrected by recalling the *remittitur* and striking therefrom the objectionable provision as to costs; but it will require, first, a judicial determination by this court that appellant is not legally entitled to costs, and, secondly, a modification of the judgment on appeal by adding thereto an order to that effect. At this late date we have no power to do either, for the reason that at the time the motion under consideration was filed the judgment on appeal had long since become final and this court had lost jurisdiction.''

We are of the opinion that under the circumstances of this case and the authorities cited we have lost jurisdiction to exercise the discretion mentioned in section 1027 of the Code of Civil Procedure.

Motion denied.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 5, 1931.