[Civ. No. 21.    Third Appellate District.—May 22, 1906.]

W. S. CHAPMAN, Appellant, v. THOS. HUGHES et al., Respondents; E. W. CHAPMAN, Appellant.

W. S. CHAPMAN, Appellant, v. O. J. WOODWARD et al., Respondents.

W. S. CHAPMAN, Appellant, v. THOS. E. HUGHES et al., Respondents.

COSTS UPON APPEAL—JUDGMENT OF SUPREME COURT—POWER OF TRIAL COURT.—Where, upon a judgment of reversal in the supreme court, a judgment for costs of appeal is docketed in conformity with rule XXII of that court, and section 958 of the Code of Civil Procedure, the trial court has no power to vacate it; but in so far as it has been docketed against respondents as to whom the judgment was affirmed by the supreme court, the trial court had power to set it aside, so as to make it conform to the decision upon appeal.

ID.—JUDGMENT AFFIRMED IN PART AND REVERSED IN PART—INSOLVENCY OF RESPONDENT.—Where the judgment was affirmed in part and reversed in part, as to a particular respondent, he is liable for the costs of appeal; and his discharge in insolvency proceedings does not relieve him from such liability. In any event, the trial court was powerless to relieve him from the effect of the judgment rendered by the supreme court.

APPEAL from a judgment of the Superior Court of Fresno County.    H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

T. M. Osmont, and Garret W. McEnerney, for Appellants.

L. L. Cory, F. H. Short, and H. Hawes, for Respondents.

McLAUGHLIN, J.—The above-entitled actions were consolidated and tried as one, but the court in deciding, entered separate findings, judgments and decrees.

On appeal from the judgment, or judgments, so entered, the supreme court rendered two opinions, and it will be necessary to quote from each at some length in order to explain the question here presented for decision.    In the main opinion

filed April 7, 1900, the opinion in department was expressly approved and made a part of the opinion in bank, and we quote from the decision therein as follows: "It is to be remembered that while this was originally a simple action by Chapman against Hughes for an accounting, it subsequently became complicated by supplemental pleadings and the addition of new parties defendant. Of these, one was the defendant E. W. Chapman, against whom Hughes was seeking an accounting, and others were grantees and transferees of parts of the land and of mortgages, and of mortgage notes.

"Although those actions were consolidated and tried as one, and a single judgment entered, yet between these defendants there was no privity nor common interest. *It would therefore be unjust to force a defendant who has established the validity of his purchase to litigate the matter anew because the findings of the court in some other respect not material to his rights have been successfully attacked.* Therefore, in subservience of the ends of justice and the rights of the parties, it is ordered that the judgments appealed from be vacated. It is further ordered that a new trial be had upon the issues touching the right of Hughes to an accounting with E. W. Chapman; that if, after such hearing, the court shall determine that Hughes is entitled to an accounting, it shall take or order taken an account, to the end that the sum found due, if any, from E. W. Chapman to Hughes, may be set off against the sum found due, if any, from Hughes to W. S. Chapman. It is further ordered and adjudged that the accounting between W. S. Chapman and Thomas E. Hughes be *affirmed* in all respects as settled by the court, *and that his sales, transfers, and assignments of parts of the land, and of the proceeds of sales of parts of the land be affirmed in all respects as found by the court, saving as to those matters and as to those findings hereinabove considered as to which it has been declared that the findings are not sufficiently supported by the evidence.* As to such transactions, a further accounting shall be had in accordance with the rulings of this court, upon which accounting proper evidence addressed by any of the parties shall be received and considered."

Upon a rehearing touching the single proposition of the validity of the deed from Thomas E. to Matilda B. Hughes, the court said: *"To the end, therefore, that the record in this*

*case, or in these cases, may be free from uncertainty,* it is ordered that the judgments appealed from be reversed, and the cause or causes remanded for further proceedings in conformity with the views here expressed *and with those expressed in the opinion of this court rendered April 7, 1900."* (*Chapman* v. *Hughes,* 134 Cal. 644, [58 Pac. 298, 50 Pac. 974, 66 Pac. 982].)

When the *remittitur* was filed in the court below, the appellants, there and here, filed their memorandum of costs incurred on that appeal, and the clerk of the trial court thereupon docketed judgments for such costs against *all* of the defendants in the three actions included in the order of consolidation. Upon motion, the lower court entered an order that no portion of the costs included in the memorandum were properly chargeable against the defendants, Annie E. Hughes, O. J. Woodward, H. U. Maxfield, First National Bank of Fresno, T. W. Patterson, Fresno National Bank, H. D. Colson, Fresno Loan and Savings Bank, and James Dungan, and that the judgment so docketed against said defendants be vacated and set aside. It was further ordered that the judgment docketed against Thomas E. Hughes, W. M. Hughes, and L. E. Patterson be likewise set aside, their liability for such costs to abide a future determination by the trial court. The plaintiff, and defendant, E. W. Chapman, appeal from the order so made and entered.

The attorneys for respondents have not favored us with their views touching the questions to be decided, but counsel for appellants contend that the trial court was without jurisdiction in the premises, inasmuch as the supreme court by reversing the judgments had fixed the liability for costs on all of the defendants. It needs no citation of authorities to show that where a judgment for costs has been docketed in conformity with rule XXIII of the supreme court, and section 958 of the Code of Civil Procedure, the trial court is without power to vacate or set aside such judgment. But it does not follow that the trial court is without authority to make a judgment entered on its records or docket conform to the directions of the higher court. This power certainly exists when the cause has been remanded for further proceedings in conformity with the opinion of the supreme tribunal, and it has been impliedly recognized even where there was a simple re-

versal. (*Long* v. *Superior Court*, 127 Cal. 687, [60 Pac. 464];
*Baker* v. *Southern Cal. Ry. Co.*, 130 Cal. 114, [62 Pac. 302].)
It follows, that so far as the order here assailed conforms to
the decision of the supreme court, it is valid, and that any
portion thereof contrary to such decision is void.

It is clear from the deciding clauses quoted from the opin-
ions of the supreme court on the former appeal, that said
court intended to and did affirm the findings of the trial court
as to all defendants claiming by purchase or assignment from
Hughes, save where it was expressly declared that the findings
were not sufficiently supported by the evidence. It is also
very clear that it was not intended that there should be a new
trial as to any of such defendants, and that it only remains
for the trial court to enter a judgment in their favor upon the
findings expressly approved. The plain purpose of the gen-
eral clause reversing the judgments, found in the last opinion
filed, was to free the record from any uncertainty that might
otherwise exist, and clear the way for the entry of judgments
in conformity with the opinions. It follows that the judg-
ment for costs docketed against the First National Bank of
Fresno, Fresno National Bank, H. D. Colson, Fresno Loan and
Savings Bank, O. J. Woodward, T. W. Patterson, and James
Dungan, was void and that the order under review *as to them*
was and is valid. And we think this also applies to defend-
ant, H. U. Maxfield, for, while it was said that there should
have been a finding that the transfer to him was made as col-
lateral security, and that upon a satisfaction of his debt any
balance should go into the trust fund, it clearly appears that
the finding as to his right as an innocent transferee was held
good. As to the other defendants named in the order, we
think the same was void as in conflict with the decision of the
higher court, and the judgment for costs contained in the
*remittitur*.

The judgment was affirmed in part and reversed in part as
to defendant, Thomas E. Hughes, and this under the rule
touching a modification of the judgment made him liable for
costs. We do not think his discharge in the insolvency pro-
ceedings relieved him from this liability, and in any event it
is certain that the trial court was powerless to relieve him
from the effect of the judgment rendered by the supreme court.

The order as to the Fresno National Bank, First National

3 Cal. App.—40

Bank of Fresno, Fresno Loan and Savings Bank, and defendants Colson, Woodward, Patterson, Maxfield and Dungan is affirmed. As to the defendants Annie E. Hughes, Thomas E. Hughes, W. M. Hughes and L. E. Patterson, the order is reversed, appellants to recover their costs from said defendants as to whom the order is reversed.

Chipman, P. J., and Buckles, J., concurred.