[No. 20255. In Bank. — January 24, 1887.]

## IN RE E. B. MAHON, JUDGE OF THE SUPERIOR COURT OF MARIN COUNTY, ET AL.

JUDGMENT — ENTRY OF IN PURSUANCE OF ORDER OF SUPREME COURT — INADVERTENT ERROR — AMENDMENT. — When by an order of the Supreme Court the Superior Court is directed to enter a judgment, and upon a return of the cause a judgment is inadvertently entered which does not accord with the order, the Superior Court has power to amend the judgment.

ID. — DISCRETION OF SUPERIOR COURT — JUDICIAL FUNCTION — CONTEMPT. — When the order of the Supreme Court is not specific, but leaves room for the exercise of any discretion in the court below, that court has a judicial power to determine whether the judgment as entered does or does not conform to the direction of the Supreme Court; and for an error in deciding that the judgment as entered does not accord with such direction, the judge of the Superior Court cannot be held as for contempt.

THE proceeding was brought to punish the respondents, the judge and clerk respectively of the Superior Court of Marin County, for an alleged contempt in refusing to enter interest on a judgment rendered in favor of the complainant, in pursuance of the order of the Supreme Court in a certain action entitled McCue v. Tunstead. In that action, the plaintiff sued the defendant, as sheriff, to recover possession of a certain horse, and after giving the required undertaking, took possession of the horse. The trial court found, among other facts, that the horse was of the value of one thousand dollars, and that it was not exempt from execution, and rendered judgment in favor of the defendant for the possession of the property, or for its value. On appeal, the judgment was reversed, on the ground that the horse was exempt from execution, and it was ordered that "the court below enter judgment in favor of the plaintiff on the findings." Upon the return of the case to the lower court, judgment was entered in favor of the plaintiff for one thousand dollars, with interest thereon at seven per cent per annum. On an appeal by the defendant from

this judgment, the same was reversed, with directions to enter judgment in favor of the plaintiff in the alternative for the possession of the property or its value in case a delivery could not be had.   Upon the receipt of the *remittitur*, a judgment in the alternative was entered, which allowed the plaintiff interest on the value of the horse from the date of the findings.   Subsequently, the lower court modified the judgment, by omitting therefrom the provision for interest.   The further facts are stated in the opinion of the court.

*J. S. McCue, in pro per.*, for Petitioner.

*E. B. Mahon,* for Respondents.

The Court.—On the first appeal in McCue *v.* Tunstead, the order of this court did not lay down in precise terms the judgment to be entered in the court below. It however determined that the plaintiff was entitled to a judgment, and (read in the light of the opinion) that the horse, the subject of the action, was exempt from execution.   In other respects, the form or scope of the judgment was left to the court below, with the limitation that it must be a judgment "upon," or one supported by, the findings.   The Superior Court was referred to the findings, was called on to ascertain what they were, and judicially to interpret them.   This examination and interpretation of the findings, and the determination of the conclusions of law to be declared from them, involved the judicial function, and made the direction of this court something very different from a merely ministerial duty imposed upon an officer.

When, by order of this court, the Superior Court has been directed to enter a judgment, and upon return of the cause a judgment has been inadvertently entered, which does not accord with the direction of the Supreme Court, there can be no doubt that the Superior Court has power to amend such judgment so as to make

it conform to our order. And when the direction is not specific, but leaves room for the exercise of any discretion in the court below, that court has a judicial power to determine whether an order as entered does or does not conform to the direction of this court. For an error in deciding that a judgment does not accord with the direction of this court, the judge cannot and ought not to be held as for contempt.

Moreover, the modification of the judgment of which the plaintiff herein complains was an amendment which, to the extent of the change, made it conform to the order of this court. In *McCue* v. *Tunstead*, 65 Cal. 507, it was directed that the court below "enter judgment for the plaintiff upon the findings." This mandate was not obeyed in the first instance, since there was no finding on which could be based that part of the judgment which provided for damages for the detention of the property since the date of the findings, " or interest on said value in the sum of $490," etc. There is a finding that the plaintiff had taken possession of the horse, and retained possession up to the trial, and there is no finding that he had suffered any damage by reason of the detention of the property prior to its recapture.

It is clear from what has been said that the clerk of the Superior Court was not guilty of contempt.

Ordered, that the proceedings as for contempt be dismissed.