[No. 12235.    Department One. —September 7, 1889.]

## JULIA HERRLICH, RESPONDENT, *v.* MAGGIE McDONALD, APPELLANT.

CONVERSION OF STOCK — ALLEGATION OF VALUE — JUDGMENT. — In an action to recover certain mining stock and the dividends thereon, or their value, the complaint alleged that on a specified time the defendant bought for account of the plaintiff " six hundred dollars' worth " of stock, and that at two subsequent times she bought "fifteen hundred dollars' worth " of other stock. The complaint alleged and the court found other facts showing a conversion of the stock and dividends by the defendant. *Held*, that the allegations of the value of the stock were sufficient to support a judgment in favor of the plaintiff for the value, and that such a judgment was proper.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Whittemore & Sears,* and *W. B. Tyler,* for Appellant.

*Charles F. Hanlon,* for Respondent.

WORKS, J. —This action was brought by the respondent against the appellant to recover certain mining

stock and the dividends thereon, or their value. It was alleged in the complaint, and the court found, in substance, that the plaintiff had intrusted to the defendant a large sum of money with which to purchase mining stock for the former; that she, the defendant, purchased the stock and retained it and collected the dividends; that the plaintiff demanded said stock and dividends, but the defendant refused to surrender or pay the same.

The court found that the defendant had invested for the plaintiff the sum of $3,600 in mining stock, and had sold the same at a profit, and had realized therefrom net, over and above all payments made to the plaintiff, $4,950, and found certain credits in favor of the defendant, which reduced the amount to $4,705, for which sum judgment was rendered.

The appellant contends that the complaint contained no allegations upon which the money judgment was proper, and that the findings do not support such a judgment. The claim is that the action was one to recover the stock, and that the complaint contained no allegation as to the value of the stock as a basis for a money judgment. The complaint is not as specific in this respect as it should have been, but we think that it was sufficient. It alleges that the plaintiff placed in the hands of the defendant, with which to purchase the stock, the sum of three thousand six hundred dollars, which she agreed to use for that purpose, and "that on the first day of November, 1876, or thereabouts, the defendant bought for account of plaintiff *six hundred dollars' worth* of mining stock; and on the first day of April, 1877, or thereabouts, the defendant purchased for the plaintiff *fifteen hundred dollars' worth* of other mining stock; and on the first day of May, 1877, or thereabouts, the defendant purchased for the plaintiff *fifteen hundred dollars' worth* of other mining stock."

This was a sufficient allegation of the value of the stock to support the judgment.

A demand and refusal was alleged, which was sufficient, with the other allegations of the complaint, to show a conversion of property belonging to the plaintiff, and a judgment for its value was proper. The court found the value of the property, and that the defendant had converted it to her own use, which was sufficient to warrant the judgment rendered.

There is no merit in this appeal. It is obvious that it was taken for delay.

The judgment is affirmed, with fifteen per cent damages.

PATERSON, J., and Fox, J., concurred.