[No. 12235.  In Bank.—March 31, 1890.]

# JULIA  HERRLICH, RESPONDENT, *v.*  MAGGIE  Mc-DONALD, APPELLANT.

APPEAL — RECALLING REMITTITUR — MOTION TO MODIFY JUDGMENT AS TO DAMAGES — JURISDICTION OF SUPREME COURT. — When a *remittitur* issues in regular course, the jurisdiction of the supreme court ends; and when a *remittitur* has been issued after the expiration of thirty days from the date of a Department decision, the pendency of a motion to modify the judgment, or the failure of the court to record its decision refusing an oral motion to that effect, will not affect the regularity of the *remittitur*, and it will not be recalled.  (PATERSON, J., and FOX, J., dissenting.)

MOTION to recall a *remittitur* issued upon appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Whittemore & Sears,* and *W. B. Tyler,* for Appellant.

*Charles F. Hanlon,* for Respondent.

McFARLAND, J. — This case is before the court upon a motion of appellant to recall the *remittitur.*

The cause was heard in Department One, and the judgment of the court below was affirmed, with fifteen per cent damages, the opinion of the court in Department having been filed September 7, 1889 (80 Cal. 460).   At the end of thirty days the *remittitur* issued as usual, no petition for hearing in Bank having been filed.

The motion to recall the *remittitur* is based on an affidavit of appellant's counsel, to the effect that on September 16, 1889, he made a motion in Department One to modify the judgment by striking off the said fifteen per cent damages, and that said motion had never been decided.   The records of the court do not show that any such motion was made.   As a matter of fact, however, counsel did make such a motion or request orally, but

it is also true that the court (Department One) did con-
sider the motion, and decided against granting it, al-
though that decision does not appear on the records. So
the record does not show anything about the matter.
But assuming the facts to be as stated in the affidavit,
as there was no order made that the cause be heard by
the court in Bank, the judgment became final, under the
constitution, in thirty days, and the *remittitur*, in usual
course, went down to the lower court. The pendency of
appellant's said motion—assuming that it was pending
—could not prevent that result. And when a *remittitur*
issues in regular course, the rule is, that the jurisdic-
tion of this court ends. Whether or not the court would
have power to recall a *remittitur* issued through its own
inadvertence, it is not necessary here to determine; there
was no such inadvertence in this case. As there was no
petition for hearing in Bank under rule 30, there was
nothing for this court to act upon within the thirty days;
and at the expiration of that time the *remittitur* issued
regularly, and not inadvertently. (See *Adams* v. *Dohr-
mann*, 63 Cal. 420.)

Motion to recall *remittitur* denied.

SHARPSTEIN, J., THORNTON, J., and BEATTY, C. J.,
concurred.

PATERSON, J., dissenting.— I am unable to concur in
the conclusion of the majority. The fifteen per cent
damages were imposed without notice to the appellant,
and upon learning the fact, her counsel, before the expira-
tion of the thirty days, came in and moved the court to
modify the judgment by striking out the damages which
it had added without a hearing. The motion was sub-
mitted, and I think he had the right to assume that the
court would control its *remittitur* until all matters affect-
ing the judgment had been passed on. But it is said the
motion was decided, although no record was made of it.

This is true, but it was the duty of the court to make a record of its action which would give the party affected by it notice and an opportunity to be heard. If such record had been made, he could have petitioned for a rehearing before the *remittitur* issued. When a party thus loses a right which but for the mistake of the court would have been preserved to him, it seems to me we ought to say the *remittitur* was issued through inadvertence, and should be recalled. The fact that no petition for rehearing was filed within the thirty days does not seem to me to be material. The moving party sought only to have the damages (amounting to over one thousand dollars) stricken out. If the Department had granted the motion which was submitted to it, there would have been no necessity for a rehearing.

Fox, J., concurred with Justice Paterson.