[L. A. No. 1272.   Department Two.—January 16, 1903.]

E. DOWNING, Appellant, v. ALECK RADEMACHER, and T. M. OSMONT, Respondents, and W. W. MIDDLE-COFF, Appellant.

APPEAL—MODIFICATION OF JUDGMENT—COMPLIANCE WITH ORDER—DISCRETION—NEW JUDGMENT.—Where upon a former appeal the judgment was ordered to be modified in accordance with the opinion of

this court, without prescribing the mode of modifying it, the mode was in the discretion of the court below, and the fact that the former judgment was vacated and a new judgment made to cover the whole ground, was not an improper mode of modifying the judgment, if no inconsistency appears with the opinion and order of this court, and no objection appears to have been made either to the form or to the substance of the modified judgment.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion.

Louttit & Middlecoff, and J. W. Ahern, for Appellants.

The new judgment does not follow the opinion of this court, nor the findings. Equity cannot relieve Rademacher of a deed he is found to have fairly and deliberately made, nor take Downing's property and give it to Rademacher. (*Parsons* v. *Smilie,* 97 Cal. 647.)

T. M. Osmont, for Respondents.

The judgment as made conforms to the directions of this court in its entire substance. No objection appears to have been made to the form of the judgment, and the assent of appellants thereto must be presumed. (*Wilson* v. *Dougherty,* 45 Cal. 34; *Cockrill* v. *Clyma,* 98 Cal. 123; *Caruthers* v. *Hensley,* 90 Cal. 559; *Parker* v. *Altschul,* 60 Cal. 380.)

HAYNES, C.—This appeal is taken by plaintiff, Downing, and defendant Middlecoff from a modified judgment entered in said action, in supposed compliance with an order of this court made upon a former appeal, wherein Rademacher and Osmont were appellants. The action was brought by Downing to quiet title to a mining claim. The facts in the case are fully stated in the opinion of Temple, J., rendered upon the former appeal, and reported in 133 Cal. 220,[1] and need not be repeated here. The decree of the court below, from which the former appeal was taken, quieted the title of Downing and Middlecoff, and adjudged them to be the owners in fee of the interests claimed by them against Rademacher of all equities under the contract in reference to the two-thirds interest

––––––––
[1] 85 Am. St. Rep. 160.

conveyed by him to Downing, which contract was entered into at the time the conveyance was made and was part of the same transaction.

Upon said former appeal, this court came to the following conclusion and made the following order:—

"The respondents are not entitled, under the findings, to have their titles quieted as against Rademacher and his grantée, appellants here, but said appellants are entitled on said findings to a decree that Downing took, and he and his grantée now hold their interests in said mining claim, subject to the contract entered into by Downing and Rademacher, and it is ordered that the decree be modified accordingly." (*Downing* v. *Rademacher,* 133 Cal. 227.[1])

Appellants complain that instead of modifying the judgment, as directed by this court, the superior court set aside and vacated the former judgment, and entered a new judgment, to the effect that the plaintiff, Downing, and his grantée did not own any interest at all in the *real property* constituting the mining claim, and adjudged that Rademacher and Osmont owned the claim, and that the only interest Downing and Middlecoff had in the mine was a *privilege to work it for gold and minerals.*

Upon receiving the *remittitur* of this court, the court below ordered that its former decree be vacated, and further ordered, adjudged, and decreed, "in conformity with the opinion and decree of the supreme court herein, and of the findings" heretofore filed therein, "that all the right, title, or interest of the plaintiff, Edward Downing, and of his grantée, the defendant W. W. Middlecoff, in or to the Baron mine or mining claim, in the pleadings and hereinafter described, is founded upon the conveyance from the defendant Aleck Rademacher to the plaintiff, dated January 11, 1897, in the pleadings referred to, and the contemporaneous contract, designated as Exhibit B, annexed to the answer and cross-complaint of the defendants Aleck Rademacher and T. M. Osmont; that said conveyance was made to said Downing on condition that he work said mine in any reasonable way he may see fit, and deliver to said Rademacher and his grantée, without cost to them or either of them, one third of all the gold and other minerals and products

---

[1] 85 Am. St. Rep. 160.

of such mining operations on said mine; that the only right, title, or interest owned, held, or possessed by said Downing or said Middlecoff is the right or privilege to work said mine under the terms and conditions in said contract expressed; that the defendant Middlecoff has succeeded to and is the owner of one fifth of the right or interest of said Downing so acquired in said mine by said Downing as aforesaid; that the plaintiff, Downing, and his said grantee took and now hold their said respective interests in said mine or mining property subject to said contract, Exhibit B, entered into between said Downing and said Rademacher as aforesaid; that the plaintiff and his said grantee have no other right, title, or interest in or to said mine or mining claim than the said right or interest so acquired from said Rademacher, as hereinabove declared, and they are not entitled to have their said title or interest quieted as against said Rademacher and his grantee, the said Osmont."

The other portions of the amended decree are consistent with the foregoing, and need not be quoted. It also sets out in full the said contract above referred to, which was fully discussed and construed on the former appeal.

In their brief, appellants insist that Downing, by his deed, became vested with the ownership of two thirds of the *land;* that it may be that the land is valuable for farming, or grazing, or water purposes, outside of the fact whether or not it contains valuable minerals. But this is only a restatement and discussion of questions disposed of by the former appeal. It was then said: "The deed and agreement constitute one instrument, and must be read as though each referred to the other and expressly incorporated its terms. . . . Under this contract and deed all Downing acquired was the right to work the mine in his own way, on condition that he deliver to Rademacher one third of the valuable minerals obtained. The conveyance was in effect subject to this condition." We see nothing in the judgment as entered inconsistent with the opinion and order of this court upon the former appeal. The fact that the former judgment was vacated and a new judgment made to cover the whole was not an improper mode of modifying the original judgment. The order did not prescribe the mode of modifying it, and the mode was therefore

in the discretion of the court below; nor does it appear that appellants made any objection to either the form or substance of the modified judgment, or suggested any changes to be made therein, while their brief principally argues the merits of the case considered on the former appeal.

I advise that the modified judgment here appealed from be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the modified judgment here appealed from is affirmed.

McFarland, J., Henshaw, J., Lorigan, J.