[No. 95. Third Appellate District.—October 17, 1905.]

## SARAH HAUSE, Respondent, v. PERRY C. PHILLIPS, Appellant.

LANDLORD AND TENANT—MODIFICATION OF WRITTEN LEASE—EXECUTED PAROL AGREEMENT.—A provision in a written lease reserving to the landlord the right of pasturage upon the leased premises, is modified by a subsequent parol agreement between the landlord and the tenant which accords the tenant the right to pasture certain horses and cattle thereon free of charge, and which the tenant avails himself of until the end of the term, without any demand or claim made by the landlord for pasturage. In such a case the verbal agreement becomes executed.

APPEAL from a judgment of the Superior Court of Kings County, and from an order refusing a new trial. M. L. Short, Judge.

The facts are stated in the opinion of the court.

L. N. Crowell, and E. T. Cosper, for Appellant.

R. J. Hudson, for Respondent.

BUCKLES, J.—This is an action in claim and delivery to recover the possession of two mares and two yearling colts, which defendant claims to hold for a pasturage bill for them and other animals. Judgment was for plaintiff, and defendant moved for a new trial, which was denied. The appeal is from the judgment and from the order denying a motion for a new trial.

On October 18, 1901, the defendant and one T. C. Hodgsen, then the husband of plaintiff, entered into a written lease for certain lands, which lease was for one year from and after November 1, 1901. This lease contained the following provision in relation to pasturage: "The party of the first part reserves for himself the use and benefit of the pasturage now on said tracts of land, including the acorns upon and under the oak trees thereon, and also the right to gather and remove from said lands the crop of corn now growing thereon and also the pasturage left after the removal of said crop of corn." Hodgsen died in June, 1902. In October, 1902, and about a month before the lease would expire according to its terms, defendant agreed orally with the plaintiff, widow of T. C. Hodgsen, that she should have the land another year on the same terms contained in the written lease, and she remained in possession for another year. Another oral agreement was made between the parties that plaintiff should milk and feed and care for three cows then on the place, and said cows were to be pastured by defendant free, and plaintiff was to take the milk to the creamery, and was to have half of the proceeds and also one-half of the calves. The testimony is in the bill of exceptions, and it appears by the testimony for plaintiff from at least two witnesses that the horses of Hodgsen, and of plaintiff, when she took the lease after Hodgsen's death were to be turned out on the pasture of the leased land free of charge, to which defendant agreed. This is denied by defendant. A question arose at the settlement for the first year as to the ownership of the stubble pasturage and the defendant and plaintiff agreed to divide it, and the stubble was sold, and they did divide the money received for it between them. Defendant's claim at the settlement was that as he gave the plaintiff the horse pasture he should have all the stubble, and then said to her and the

witness Johnson, and in the presence of plaintiff's daughter, that he wanted all the stubble the next year, and as she had her horses there he would not charge her anything for them.

I think it clearly appears from the evidence in the case that defendant was to furnish pasturage free for plaintiff's horses and the three cows. At any rate there is a sharp conflict in the evidence upon that point, and under the well-settled rule where there is a substantial conflict in the evidence the judgment will not be disturbed, we must sustain the judgment. While the lease contains a written agreement that defendant reserved to himself all the pasture, the verbal agreement that the horses and cows should be pastured free, had been fully executed; that is, the horses and cows had been pastured under the terms of the oral agreement, to the end of the term before any demand or claim was made by defendant for pasturage, and would therefore be considered an executed contract, and to that extent would modify the written contract in the lease concerning pasturage. (Civ. Code, sec. 1698.) Defendant took three mares and colts away from plaintiff, October 29, 1903, the last night plaintiff was on the premises. There is no charge of $4.93 made in the bill defendant presented to plaintiff for pasturage from November 1, 1903, to December 7, 1903, and no testimony was given upon that. In the claim there is an item of $54 for hay in September, 1903, but there was no testimony as to that item, but this does not appear to be a part of defendant's cross-complaint further than it may appear in the sum demanded; the account served on plaintiff being for $214, and the demand in the cross-complaint being for $225.93. As the judgment must be affirmed upon the ground either that the plaintiff was not indebted to defendant in any sum, or that there is a substantial conflict in the testimony, and as she is therefore entitled to her property sued for, the defendant could have no lien thereon. The evidence warrants the findings and the findings support the judgment.

The judgment is affirmed.

Chipman, P. J., and McLaughlin, J., concurred.