[Civ. No. 2583. First Appellate District, Division Two.—June 3, 1919.]

XAVIER FISCHER, Respondent, v. E. G. LUKENS et al., Defendants; PACIFIC INVESTMENTS INCORPORATED (a Corporation), Appellant.

[1] APPEAL—ISSUANCE AND TRANSMITTAL OF REMITTITUR—PRESUMPTIONS.—In determining whether the trial court had jurisdiction at the time the clerk thereof issued a writ of execution, the judgment of the trial court having been affirmed on appeal, it must be presumed, in the absence of evidence to the contrary, that the clerk of the supreme court promptly transmitted the *remittitur* after its issuance, that the clerk of the trial court duly received it and thereafter did promptly "attach the certificate to the judgment-roll, and enter a minute of the judgment of the supreme court on the docket against the original entry."

[2] ID.—TRANSFER OF JURISDICTION.—When the *remittitur* issues, the jurisdiction of the supreme court ceases and that of the superior court attaches, and thereafter the latter court may order property sold to satisfy the judgment.

[3] DEEDS—EXECUTION BY CORPORATION—RECITALS IN—EVIDENCE.—A recital in a deed, as recorded, that the grantor (a corporation) "has hereunto set its name and caused its common seal to be affixed by its president, thereunto duly authorized by resolution of its board of directors," is not evidence of the existence of such facts, in the absence of a statement or other evidence by the recorder that a corporate seal was affixed to the original deed.

[4] ID.—ACTION TO QUIET TITLE—WANT OF EVIDENCE OF AUTHORITY TO EXECUTE DEED—ADMISSIBILITY.—In an action to quiet title, a deed from a corporation containing such a recital is inadmissible in the absence of the corporate seal or other evidence of the authority of the officers executing the same to execute it.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge. Affirmed.

The facts are stated in the opinion of the court.

Pillsbury, Madison & Sutro for Appellant.

Stanley Moore and Reed, Nusbaumer & Bingaman for Respondent.

LANGDON, P. J.—This is an action to quiet title. The plaintiff had judgment in the trial court. Pacific Invest-

ments Incorporated (a corporation), one of the defendants, has appealed and has brought up all the evidence in a bill of exceptions. The evidence of the parties consists of written instruments. No witnesses were called by either party. Both parties claim to deraign title from Western Fuse and Explosives Company. On December 22, 1904, the plaintiff obtained a judgment against the Western Fuse and Explosives Company and later took out execution and caused the property involved in this action to be sold at execution sale. The plaintiff purchased at the sale, and if his purchase vested in him a legal title, the judgment of the trial court should be affirmed.

Appellant's first objection is that the execution sale was invalid on the ground that at the time the clerk of the trial court issued the writ, the jurisdiction of the trial court had been divested by virtue of an appeal duly perfected. This point was discussed and determined adversely to the contentions of the defendant and appellant in the opinion of division one of this court upon the former hearing of this matter (178 Pac. 302). We agree with the conclusion reached in that opinion. As stated therein, the facts regarding the appeal in the action against the Western Fuse and Explosives Company, and pertinent to this appeal, are few and they are all admitted. The first appeal was taken regularly and the execution was duly stayed. Later that appeal was disposed of and a *remittitur* was sent down. The *remittitur* was dated May 9, 1910. It was filed September 13, 1916, *nunc pro tunc,* May 11, 1910, pursuant to an order of the trial court made on that date. The record is silent as to when, if at all, the clerk of the trial court did "attach the certificate to the judgment-roll, and enter a minute of the judgment of the supreme court on the docket against the original entry." The writ of execution was taken out August 1, 1913, and the sale was had September 8, 1913. [1] As the record contains no evidence to the contrary, we must presume that the clerk of the supreme court promptly transmitted the *remittitur* after its issuance; that it was duly received; that the clerk of the trial court duly received it, and thereafter that he did promptly "attach the certificate to the judgment-roll, and enter a minute of the judgment of the supreme court on the docket, against the original entry." (Code Civ. Proc.,

sec. 958; sec. 1963, subds. 15, 20, and 24.) These matters fill all the calls of the statute. It will be noted that the statute does not call for a separate filing-mark on the *remittitur.* (Code Civ. Proc., sec. 958.) When the provisions of the last-mentioned section have been complied with, it is clear that jurisdiction revests in the trial court. (*Granger* v. *Sheriff,* 140 Cal. 190, [73 Pac. 816].) There is not, however, any express statement on that subject in our statutes. But there is settled authority to the effect that all jurisdiction of the appellate court is divested on the instant the *remittitur* goes down. (*Herrlich* v. *McDonald,* 83 Cal. 505, [23 Pac. 710]; *Adams* v. *Dohrmann,* 63 Cal. 417; *Granger* v. *Sheriff, supra.*) But it needs no citation of authority to the effect that 'jurisdiction of a pending case rests in some court. In this case the jurisdiction of the supreme court and the jurisdiction of the superior court only are involved. [2] It being settled by the above authorities that the jurisdiction of the supreme court ceased when the *remittitur* issued, it seems clear that instantly the jurisdiction of the superior court attached. It follows that the attack on the title of the respondent is without merit.

This leaves for our consideration only the one question of whether or not the trial court erred in refusing to admit in evidence the record of a deed from the Western Fuse and Explosives Company to E. G. Lukens through which deed appellant claimed to deraign title to the property in question. The objections urged against the admission of the record of the deed are that from said record it does not appear that a corporate seal was attached to the deed; that there was no proof by the defendant of delivery of the deed to the grantee, and, further, that the deed was void because it purported to have been executed on behalf of the corporation by E. G. Lukens as president thereof, to himself personally, and that the consideration recited in the deed being a mere nominal consideration, and said defendant having failed to show that an adequate consideration was paid by said Lukens to said corporation, the deed was *prima facie* void.

The original deed having been lost, appellant offered in evidence the record of this deed in the office of the county recorder of Alameda County. Under our conclusion, it

will only be necessary for us to discuss the first objection
made to the deed, which obviates the consideration of the
contention of appellant that the remaining objections made
by plaintiff and respondent were not raised in time..

[3] The defendant, in attempting to introduce the
record of this deed from the corporation to Lukens, intro-
duced no proof of the authority of the officer executing the
instrument to execute the same, but relied upon the pre-
sumption raised by a seal of the corporation to furnish the
*prima facie* proof necessary to its admission in evidence.
The record of the deed contained no statement or other evi-
dence by the recorder that a corporate seal was affixed to
the original deed, but the deed itself, as recorded, recited
that the grantor "has hereunto set its name and caused
its common seal to be affixed by its president, thereunto
duly authorized by resolution of its board of directors."
We think this recital is not evidence of the existence of
the fact which it recites. (*Gashwiler* v. *Willis*, 33 Cal. 11,
17, [91 Am. Dec. 607].)

Section 4137 of the Political Code declares: "When any
instrument, . . . is deposited . . . for record, the recorder
must indorse upon the same the time when it was received,
. . . and must record the same without delay, together with
the acknowledgments, proofs and certificates, written upon or
annexed to the same . . . " It was the duty of the recorder,
therefore, to note on the copy made by him the certificates
and proofs appearing on the face of the instrument. If
there had been a seal upon the original deed, the record
of which was sought to be introduced by the defendant, it
would have been the duty of the recorder to have made
some appropriate record of that fact. We will presume
that official duty has been regularly done, and, in the
absence of a seal upon the copy, we must presume that the
original deed bore no seal. [4] If the original deed had
been produced without the corporate seal, it would have
been inadmissible without a showing of the authority of
the officers executing the same to execute it. (*Barney* v.
*Pforr*, 117 Cal. 56, [48 Pac. 987]; *Miners' Ditch Co.* v.
*Zellerbach*, 37 Cal. 545, at pages 596, 597, and 598, [99
Am. Dec. 300].) Appellant is in no better position by
reason of having offered the record instead of the original.
The defendant made no showing whatever of due and regu-

lar execution by the officers of the corporation, and we think the deed was properly excluded.

The case of *Smith* v. *Dall*, 13 Cal. 510, relied upon by appellant, merely presented the question of whether the defendant who claimed under a deed subsequent to the one under which plaintiff deraigned title had notice of the first conveyance which had been imperfectly recorded. This case was decided in 1859, before the distinction between sealed and unsealed instruments had been abolished in this state, and at that time it was necessary for a deed to be under seal. It was held in that case, however, that so far as the record of the deed was concerned, a recital in the notarial certificate that the deed contained a seal was sufficient to give the notice contemplated by the statute to a subsequent purchaser. There was no question involved in that case of the validity of the deed to pass title. In fact, it is stated by the court that the deed was actually under seal and had been duly acknowledged, and the court stated that the question was: "Does the fact that the recorder failed to make some mark upon his books to indicate that there was a seal to the conveyance vitiate the record?"

In the present case, the record was not offered to prove notice, but as an actual step in the chain of title claimed by the defendant.

The judgment is affirmed.

Brittain, J., and Haven, J., concurred.