[Civ. No. 1201. Fourth Appellate District.—April 18, 1933.]

GEORGE A. CARTER, Respondent, v. RODNEY L. TURNER, Appellant.

Frederick W. Welsh for Appellant.

Farnsworth, Burke & Maddox for Respondent.

BARNARD, P. J.—On June 19, 1919, as a part of a real estate deal, the defendant transferred to the plaintiff two parcels of real property, together with a note for $12,000 executed by one J. B. Pilcher and secured by a second trust deed on another piece of land. On the first trial of this action, before Judge Wallace of Tulare County, the court found that the defendant had made certain false representations in connection with the value of the note referred to. Upon appeal the judgment was affirmed in all respects except one. It was held that an improper measure of damage had been applied and the case was referred back to the trial court with directions to take such testimony as might be necessary to establish the relative value of the

properties at the time of the transfer and to report the same back to the Appellate Court. (*Carter* v. *Turner*, 90 Cal. App. 193 [265 Pac. 870].) Later, the provision for reporting the matter back to the Appellate Court was stricken out and the *remittitur*, as issued, directed the trial court "to take such testimony as may be necessary to establish the relative value of the properties at the time of the transfer".

Judge Wallace having died in the meantime, further proceedings were had before Judge Lamberson and a new judgment was entered, from which this appeal is taken.

It is first contended that the order directing the trial court to take evidence upon the question of the value of the respective properties did not authorize the trial court to enter any judgment. While the order made did not specifically direct the trial court to enter a new judgment, the effect of the order was to remand the case for a new trial upon the issue of damages alone. A new trial on this issue having been ordered, it necessarily follows that the court had jurisdiction to enter judgment thereon. (*In re Mahon*, 71 Cal. 586 [12 Pac. 868]; *Downing* v. *Rademacher*, 138 Cal. 324 [71 Pac. 343]; *Fischer* v. *Lukens*, 41 Cal. App. 358 [182 Pac. 967].)

It is next contended that certain findings are not supported by the evidence. Upon the rehearing of this matter, it was necessary for the trial court to determine the value of the two parcels of land and the note and trust deed at the time they were transferred to the respondent in 1919, and also what would have been the value thereof at that time had they been as represented. Evidence was taken with respect to the value of the two parcels of land so conveyed and findings made in connection therewith, which are not attacked. A further finding was made to the effect that the Pilcher note and trust deed were, on the date of the transfer, of no value whatever. It is appellant's contention that this finding is not supported by the evidence. The court found that on the date of the transfer the land covered by the trust deed securing this note had a value in the exact amount of the first mortgage against it. It appears that the land was later sold for that amount upon foreclosure of the prior mortgage. This finding is not attacked and disposes of any question as to the value of the second trust deed securing this note, on the date of the

transfer. With respect to the value of the note itself, aside from the trust deed, our attention is called to no evidence, and we can find none in the record, which supports the finding complained of. The respondent makes no effort to point out any evidence tending to show that the note in question was valueless at the date of the transfer, but relies entirely upon a finding made by Judge Wallace on the first trial, to the effect that Pilcher was insolvent. The original finding referred to nowhere appears in the record before us and our only knowledge of the same comes from a statement in the opinion on the original appeal, to the effect that a finding that Pilcher was insolvent is sustained by the evidence. If it could be assumed that upon retrying the issue as to the amount of damages sustained the court could adopt a finding made on the prior trial upon a matter material to that issue, the former finding here relied upon, so far as appears from the record before us, is entirely insufficient to justify or support a finding to the effect that the note in question was entirely worthless at the time of the transfer. If it could be taken as a fact that Pilcher was insolvent and, further, that he was insolvent at the date of the transfer in question, it does not necessarily follow that the note was entirely worthless at that time. Even if a man is insolvent he may have assets sufficient to cover a large proportion of his obligations. Regardless of anything here appearing, the note referred to may have had a substantial value at the time. We are forced to conclude that the record contains no evidence to sustain the finding attacked, and that the absence of necessary evidence is in no way cured by anything appearing in the record.

A further attack is made upon a finding to the effect that if the representations made concerning the Pilcher note had been true, said note, on the date of the exchange, would have been worth $12,000. This was a matter material to the issue upon which a rehearing was ordered. No evidence tending to support such a finding appears in the record.

The judgment is reversed and the cause remanded for a new trial on the issue of damages alone, with directions: To take evidence as to the actual value of the real property and note and trust deed conveyed to the plaintiff, as of

the date of the transfer; to take evidence as to what would have been the value of said items on that date, had the misrepresentations made been true; and to make findings and enter judgment accordingly.

Marks, J., and Jennings, J., concurred.