[No. A061576. First Dist., Div. Three. May 31, 1994.]

FRANK W. BELLOWS et al., Plaintiffs and Appellants, v.
ALIQUOT ASSOCIATES, INC., et al., Defendants and Respondents.

**COUNSEL**

Ephraim Margolin and Robert M. Teets, Jr., for Plaintiffs and Appellants.

Bronson, Bronson & McKinnon, Michele K. Trausch, José H. Garcia, Paul R. Mohun, Long & Levit, Barry D. Brown and Reilly C. Atkinson for Defendants and Respondents.

## Opinion

**CHIN, J.**—Frank W. Bellows and Frank W. Bellows, Inc. (collectively Bellows), appeal from summary judgments the trial court entered in favor of respondents Aliquot Associates, Inc. (Aliquot), Gary Balsdon, the law firm of Carroll, Burdick & McDonough (Carroll, Burdick), and individual attorneys Jack T. Friedman and Wallace E. Smith. Bellows sued respondents for malicious prosecution in connection with a cross-complaint that Aliquot filed against Bellows in a construction action (the construction action). The court entered the judgments after determining that, as a matter of law, the applicable one-year statute of limitations (Code Civ. Proc., § 340, subd. (3)) barred Bellows's malicious prosecution action.[1] Bellows contends that the trial court erred in finding that tolling of the statute of limitations ceased upon our clerk's issuance of the remittitur in Aliquot's appeal in the construction action. We disagree. Therefore, we affirm.

### Factual and Procedural Background

On March 3, 1989, Aliquot, which had been sued in the construction action, filed a cross-complaint for indemnity and contribution against Bellows, who provided architectural services for the project there at issue. On February 9, 1990, the trial court entered judgment for Bellows on Aliquot's cross-complaint. On April 6, 1990, it denied Aliquot's motion for reconsideration. Aliquot filed a notice of appeal from the judgment on April 13, 1990. On April 24, 1991, we filed an unpublished opinion affirming the judgment. (*Aliquot Associates, Inc.* v. *Frank W. Bellows, Inc.* (Apr. 24, 1991) A049375.)

The clerk of the Court of Appeal (Appellate Clerk) subsequently issued to the Contra Costa County Clerk a document entitled "Remittitur," which contained the caption for Aliquot's appeal and stated: "I, Ron D. Barrow, Clerk of the Court of Appeal of the State of California, for the First Appellate District, do hereby certify that the attached is a true and correct copy of the original opinion or decision entered in the above-entitled cause on April 24, 1991 and that this opinion or decision has now become final." The document further recites: "Witness my hand and the seal of the Court affixed at my office this Jun 4 1991." The Appellate Clerk sent similar

---

[1] All further statutory references are to the Code of Civil Procedure.

"REMITTITUR[S]" to the Contra Costa County Superior Court, Carroll, Burdick,[2] and counsel for Bellows.[3] The copy addressed to the county clerk indicates that the county clerk filed it and entered it on microfilm on June 11, 1991. The Appellate Clerk also made the following entry in the docket for Aliquot's appeal: "June 4, 1991 [¶] Remittitur Issued."

Bellows filed this action for malicious prosecution on April 3, 1992. Respondents filed motions for summary judgment on the ground that the applicable one-year statute of limitations barred the action.[4] Although conceding that the pendency of Aliquot's appeal tolled the statute of limitations, they argued that the statute started running again on June 4, 1991, when the Appellate Clerk issued the remittitur. Thus, they calculated that 63 days elapsed between entry of summary judgment in the construction action and Aliquot's filing of the notice of appeal, and that 304 days elapsed after issuance of the remittitur, for a total of 367 days. In opposition to the motions, Bellows conceded that the one-year statute applied, that its malicious prosecution claim accrued with entry of judgment in the construction action, and that sixty-three days had elapsed prior to Aliquot's filing of the notice of appeal in that action. However, Bellows contended that the statute did not start running again until the filing of the remittitur in the trial court on June 11, 1991. Thus, only 297 additional days had elapsed, for a total of 360 days.

After hearing, the trial court granted the motions and entered judgments, finding that the malicious prosecution action was untimely because the statute restarted on June 4, 1991, and that 367 days had elapsed since the malicious prosecution claim accrued. Bellows now appeals.

## DISCUSSION

■ Absent tolling, a plaintiff must file a malicious prosecution claim within one year of the accrual of the cause of action. (§ 340, subd. (3); *Rare*

---

[2] The "REMITTITUR" addressed to Carroll, Burdick "certif[ies] that the decision entered in the above-entitled cause on April 24, 1991 has now become final." It does not refer to an attached copy of the decision.

[3] The deputy clerk signed the copy addressed to the county clerk. She stamped the copy addressed to Carroll, Burdick. The record does not contain the copy addressed to Bellows's counsel. At the hearing on the summary judgment motions in this action, respondents offered the copy addressed to Bellows's counsel, and the trial court judicially noticed it and referenced it in granting summary judgment.

[4] Aliquot and Balsdon also contended that their reliance on the advice of counsel negated Bellows's claim as a matter of law. In granting summary judgment, the trial court did not decide this issue.

*Coin Galleries, Inc.* v. *A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330, 334 [248 Cal.Rptr. 341] (hereafter *Rare Coin*).) The cause of action accrues upon entry of judgment in the underlying action. (*Id.,* at pp. 334-335.) The filing of a notice of appeal in the underlying action tolls the statute "until the conclusion of the appellate process . . . ." (*Id.,* at p. 335.)

■ In this appeal, the parties disagree as to when the appellate process concluded so as to restart the statute of limitations. Bellows argues that the statute did not restart until the superior court regained jurisdiction in the construction action "with the filing in the Superior Court of th[e] appellate Court's remittitur." Respondents, on the other hand, contend that the appellate process ended and the statute restarted when the Appellate Clerk issued the remittitur in the construction action, and that Bellows's discussion of the superior court's renewed jurisdiction is irrelevant. It is unnecessary for us to resolve the dispute about the relevancy of the superior court's jurisdiction because we find that the appellate process ended, the superior court regained jurisdiction, and the statute of limitations on Bellows's malicious prosecution action restarted at the same time: upon the Appellate Clerk's entry in the record on June 4, 1991, of issuance of the remittitur.

Our analysis begins with the First District Court of Appeal's decision in *Fischer* v. *Lukens* (1919) 41 Cal.App. 358 [182 P. 967]. There, defendant attacked the validity of an execution sale, arguing that the sale was invalid because "at the time the clerk of the trial court issued the writ [of execution], the jurisdiction of the trial court had been divested by virtue of an appeal duly perfected." (*Id.,* at p. 359.) Defendant based its argument on the fact that the writ issued and the sale occurred after the appellate court's issuance and sending down of the remittitur, which "was dated May 9, 1910," but before it was "filed" in the trial court more than six years later on "September 13, 1916, *nunc pro tunc,* May 11, 1910, pursuant to an order of the trial court made on that date." (*Ibid.*) The *Fischer* court rejected this argument, stating: "[T]here is settled authority to the effect that all jurisdiction of the appellate court is divested on the instant the *remittitur* goes down. [Citations.] But it needs no citation of authority to the effect that jurisdiction of a pending case rests in some court. In this case the jurisdiction of the [appellate] court and the jurisdiction of the superior court only are involved. It being settled by the . . . authorities that the jurisdiction of the [appellate] court ceased when the *remittitur* issued, it seems clear that instantly the jurisdiction of the superior court attached."[5] (*Id.,* at p. 360.)

In 1943, the Judicial Council of the State of California effectively affirmed *Fischer* when it adopted the former Rules on Appeal (former Rules).

---

[5]The court also presumed that the trial court clerk had complied with former section 958, which required that clerk to " 'attach the certificate to the judgment-roll, and enter a

As originally adopted, rule 25(a) of those rules (former rule 25(a)) set forth time limits for issuance of the remittitur by the clerks of the Supreme Court and Courts of Appeal, and provided in part: ". . . The remittitur shall be deemed issued on the clerk's entry thereof in the register, and shall be transmitted immediately, with a certified copy of the opinion, to the lower court or tribunal." (Former rule 25(a), former Rules (1943) 22 Cal.2d 1, 18.) The 1943 state-issued pamphlet containing the former Rules included the explanatory notes of B. E. Witkin, who drafted the former Rules pursuant to appointment by the Judicial Council. (Rules on Appeal (Cal. State Printing Off., pamp. 1943) Draftsman's Explanatory Notes, p. 39 (hereafter Pamphlet); 17 Cal. State Bar J. (1942) 360-361.) Mr. Witkin explained that former rule 25(a) "restates existing law and practice, but *adds a clarifying provision stating when the remittitur takes effect to revest jurisdiction in the lower court.*" (Pamphlet, *supra*, at p. 49, italics added.)

In a law review article, Mr. Witkin expanded on this explanation as follows: "Since the remittitur serves to reinvest jurisdiction in the lower court it is sometimes important to know precisely when this takes place. One view was that jurisdiction comes back to the superior court when the remittitur is actually received by the clerk of that court. Because of the time lag incident to transmission of the document through the mails to different parts of the State, as well as the possibility of loss, this theory was most unsatisfactory, and it seemed desirable to fix the time of transfer of jurisdiction with respect to some act *in the reviewing court*, the fact and date of which are easily ascertainable. The solution reached was the provision in [former] Rule 25(a): 'The remittitur shall be deemed issued on the clerk's entry thereof in the register,' and it shall be 'transmitted immediately.' In other words, it is not the filling out, stamping or signing of the document, nor its deposit in the mail, nor the receipt thereof by the lower court clerk, which fixes the time, but the *record entry* of the fact of issuance *by the*

---

minute of the judgment of the [appellate] court on the docket, against the original entry.' [Citations.]" (*Fischer* v. *Lukens*, *supra*, 41 Cal.App. at pp. 359-360.) The court noted that this section did "not call for a separate filing-mark on the *remittitur*. [Citation.]" (*Id.*, at p. 360.) Likewise, section 912, which superseded former section 958, does not require a separate filing mark on the remittitur, but requires the trial court clerk to "file [a] certified copy of the judgment and opinion of the reviewing court, . . . attach the same to the judgment roll if the appeal was from a judgment, and . . . enter a note of the judgment of the reviewing court stating whether the judgment or order appealed from has been affirmed, reversed or modified, in the margin of the original entry of such judgment or order, and also in the register of actions or docket." The absence of a requirement in section 912 that the superior court clerk make a separate filing mark on the remittitur undercuts Bellows's argument that tolling continues until filing of the remittitur in the trial court. On the other hand, supporting our conclusion is rule 25(e) of the California Rules of Court, which requires the Appellate Clerk, "[f]orthwith upon issuance of the remittitur, [to] . . . mail notice to the parties that it has been issued." The Appellate Clerk did precisely that in this case.

*reviewing court clerk.*"[6] (Witkin, *New California Rules on Appeal* (1944) 17 So.Cal.L.Rev. 232, 255, fn. omitted, second italics added.)

Rule 25(a) of the current California Rules of Court continues the effect of rule 25(a) of the former Rules.[7] Like its predecessor, it sets forth time limits for issuance of the remittitur by the clerks of the Supreme Court and Courts of Appeal, and further provides: "The remittitur shall be deemed issued on the clerk's entry in the record of the case, and shall be transmitted immediately, with a certified copy of the opinion or order, to the lower court, board or tribunal."[8] The slight change of language in the current rule, which deems the remittitur issued "on the clerk's entry in the record of the case" instead of "on the clerk's entry thereof in the register," does not indicate a change in the point at which jurisdiction revests in the trial court. Thus, under current rule 25(a), jurisdiction revests in the trial court upon the appellate court's issuance of the remittitur, and the remittitur is "deemed issued on the clerk's entry in the record of the case . . . ."[9]

Contrary to Bellows's contention, there are numerous cases that support our conclusion that jurisdiction revests in the trial court upon the appellate

---

[6]The trial court's remarks at the summary judgment hearing reflected the concerns that led to adoption of former rule 25(a). The court stated: "[U]nder [Bellows's] argument, if the Post Office were robbed on this remittitur finding its way from [the appellate court] to here, the trial court has no jurisdiction to act until that remittitur actually arrived here and is filed by the court. And I don't think that's true." The court continued: "I am just saying that it couldn't be true, [Bellows's] argument, because otherwise everything comes to a halt, maybe forever, or if the clerk's office loses it . . . ."

[7]The former Rules reappear in the current California Rules of Court with the same numbers. (23 pt. 1 West's Ann. Civ. & Crim. Rules (1981 ed.) p. XLV.)

[8]In context, it is clear that the "clerk's entry" to which this sentence refers is the entry by the clerk of the reviewing court. After establishing the point at which the remittitur is "deemed issued," the sentence continues by directing that the remittitur "be transmitted immediately . . . to the lower court . . . ." (Cal. Rules of Court, rule 25(a).) Given this sequencing, the sentence must be referring to entry by the clerk of the reviewing court. Moreover, the immediately preceding sentence directs issuance of remittiturs by "the Clerk of the Supreme Court" and "the clerk of a Court of Appeal . . . ." (Cal. Rules of Court, rule 25(a).) Nowhere in current rule 25(a), or in any other part of current rule 25, is there a reference to the trial court clerk.

[9]In his treatise on California procedure, Mr. Witkin explains: "There was formerly some uncertainty as to the precise *time* when jurisdiction left the reviewing court and revested in the lower court. To say that this did not happen until receipt and filing of the remittitur by the lower court clerk would have the undesirable effect of making jurisdiction dependent upon extrinsic factors such as delay in transmission, loss of the document, or neglect to file. This is avoided by the practical solution of [current] Rule 25(a): 'The remittitur shall be deemed issued *on the clerk's entry* in the record of the case.' In other words, the date of the *record entry by the reviewing court clerk* is the time when jurisdiction is transferred. [Citations.]" (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 600, p. 587, original italics.)

court's issuance of the remittitur under current rule 25(a).[10] Citing this rule, the court in *Andrisani* v. *Saugus Colony Limited* (1992) 8 Cal.App.4th 517, 523 [10 Cal.Rptr.2d 444], explained: "[T]he taking of an appeal by the filing of the notice of appeal deprives the trial court of jurisdiction of the cause and vests jurisdiction with the appellate court until issuance of a remittitur by the reviewing court. [Citations.] When the remittitur issues, the jurisdiction of the appellate court terminates and the jurisdiction of the trial court reattaches. [Citation.]" And in *Gallenkamp* v. *Superior Court* (1990) 221 Cal.App.3d 1, 10-12 [270 Cal.Rptr. 346], the court, after noting that issuance and transmission of the remittitur are distinct events, explained that *issuance* is the act by which jurisdiction is transferred from a reviewing court to the court reviewed.[11]

*Rare Coin* held that jurisdiction revests in the trial court upon the appellate court's issuance of the remittitur specifically in the context of a dispute regarding the timeliness of a malicious prosecution action. Citing current rule 25(a) of the California Rules of Court, the court stated that "[t]he remittitur is deemed issued on the clerk's entry of it in the record of the case," and must "be transmitted immediately . . . to the superior court. [Citation.]" (*Rare Coin, supra,* 202 Cal.App.3d at p. 335.) It further explained that, "[a]fter the remittitur is issued, the jurisdiction of the appellate court ceases, and jurisdiction is revested in the superior court. [Citation.]" (*Id.,* at p. 336.) It then held that "the issuance of the remittitur [is] the appropriate event to end the tolling period" for the statute of limitations applicable to malicious prosecution actions.[12] (*Ibid.*; see also *Korody-Colyer Corp.* v. *General Motors Corp.* (1989) 208 Cal.App.3d 1148, 1151 [256

---

[10]Nearly all of the cases Bellows cites for the proposition that jurisdiction does not revest until filing of the remittitur in the trial court predate the Judicial Council's 1943 adoption of former rule 25(a). (See *Grangers' Bank* v. *San Francisco* (1894) 101 Cal. 198 [35 P. 642]; *In re Jessup* (1889) 81 Cal. 408 [22 P. 742]; *Grogan* v. *Ruckle* (1850) 1 Cal. 193; *Municipal Bond Co.* v. *Riverside* (1934) 138 Cal.App. 267 [32 P.2d 661]; *Noel* v. *Smith* (1905) 2 Cal.App. 15 [83 P. 167].) In *Kohle* v. *Sinnett* (1955) 136 Cal.App.2d 34, 37 [288 P.2d 139], which postdated adoption of the former rule, the court merely quoted a Supreme Court decision from 1864.

[11]Thus, Bellows is incorrect in suggesting that the court in *Gallenkamp* focused on the remittitur's "filing in the inferior court." (Fn. omitted.) Moreover, the distinction *Gallenkamp* notes between issuance of the remittitur and transmission of it to the lower court disproves Bellows's contention that "issuance" of the remittitur includes filing in the trial court. Under current rule 25(a), issuance is complete prior to the remittitur's transmission to the lower court.

[12]Bellows asserts that there is "[c]onfusion" in *Rare Coin* because the court, in the introduction to the opinion, refers to " 'the *filing* of the remittitur in the underlying action,' " but subsequently refers to "the 'issuance of the remittitur' [as] being the measure of 'exhaust[ion of] the appellate process and recommence[ment of] the running of the statute of limitations.' " We find no confusion. After the initial reference to "filing" of the remittitur, the opinion refers only to *issuance* of the remittitur by the appellate clerk. (*Rare Coin, supra,*

Cal.Rptr. 658] [appeal tolls the statute of limitations for malicious prosecution until "the time the remittitur is issued by the appellate court"].)

Accordingly, the trial court correctly determined that the statute started running again upon the Appellate Clerk's entry on June 4, 1991, indicating issuance of the remittitur, and that Bellows's malicious prosecution action was untimely.[13]

The judgment is affirmed.

Merrill, Acting P. J., and Werdegar, J., concurred.

---

202 Cal.App.3d at pp. 333, 335-338.) In setting forth the facts of the case, the court stated that "[t]he clerk of the Court of Appeal issued the remittitur on February 23, 1984." (*Id.*, at p. 333.) It did not note when or even whether the remittitur was filed in the trial court. Thus, the opinion's initial mention of "the filing of the remittitur" was obviously a reference to the act of the Appellate Clerk. (*Ibid.*)

[13]On appeal, Bellows argues that section 1013's five-day grace period applies and that the malicious prosecution cause of action did not accrue until resolution of Aliquot's reconsideration motion in the construction action. Bellows did not raise these arguments in the trial court. We decline to exercise our discretion to consider them on appeal. (See *Resolution Trust Corp.* v. *Winslow* (1992) 9 Cal.App.4th 1799, 1810 [12 Cal.Rptr.2d 510].)