[Civ. No. 1396.  Fourth Appellate District.—September 30, 1936.]

BRADLEY COMPANY (a Corporation), Appellant, v. E. E. RIDGEWAY, Treasurer, etc., et al., Respondents.

J. A. Chase, Herbert Chamberlin and A. L. Wissburg, for Appellant.

Gaylord N. Hubler, Mathew Weber and Kirkbride & Wilson for Respondents.

JENNINGS, J.—The Bradley Company was plaintiff in an action in which petitioner Guy Knupp and others were defendants. The amended complaint contained three causes of action. The action related to certain bonds issued by the city treasurer of the city of Porterville pursuant

to contracts entered into between the board of trustees of said city and the defendant Federal Construction Company for the improvement of certain streets in said city. The contracts were executed and the bonds representing assessments levied against real property to meet the expense of the improvement were issued under the provisions of the Improvement Act of 1911. The bonds which formed the basis of plaintiff's complaint constituted a lien against certain described real property which plaintiff alleged that it owned. It was alleged in the amended complaint that prior to the issuance of the bonds the defendant Federal Construction Company had made a compromise agreement with certain owners of property in the city of Porterville whereby the company agreed to accept in full satisfaction and discharge of its claims for performing the street improvement work an amount which was 25 per cent less than the original contract price, but that nevertheless bonds providing for payment of the full amount of the contract price were issued and that bonds representing 25 per cent of said amount were delivered to Knupp. The third cause of action in particular alleged that no payments either of principal or interest had been made by plaintiff on the bonds and that the collection of any amount which had become due either as principal or interest on the bonds prior to January 1, 1930, was barred by the statute of limitations. The prayer of the amended complaint was, first, that the rights and duties of plaintiff and defendants with respect to the bonds be declared; second, that it be declared that the bonds constitute no lien against plaintiff's real property and may be avoided by plaintiff; third, that defendants be required to set forth the nature of their several claims and that all adverse claims of defendants be determined by decree of court whereby it shall be adjudged that plaintiff is the owner of the real property affected by the bonds and that defendants have no estate or interest in said property and that defendants be debarred from making any adverse claim to said property.

To this amended complaint the defendant Guy Knupp interposed a general demurrer which was sustained as to the first and second causes of action set out in the pleading and overruled as to the third. Knupp then filed an answer wherein he disclaimed any right, title or interest

of any character in the bonds or in the real property affected thereby, and expressly renounced any claim thereto. The action subsequently proceeded to trial. The defendant Guy Knupp was not present at the trial and was not there represented by counsel. Shortly after the trial had been commenced a motion which was treated by the trial court as a motion for judgment on the pleadings was presented on behalf of those defendants who were represented by counsel at the trial. The motion was granted by the court and judgment was entered whereby it was adjudged that plaintiff take nothing and that the bonds mentioned in the amended complaint constituted valid liens against the real property described in the pleading and that the various defendants including Guy Knupp should recover their costs of suit.

The plaintiff took an appeal from this judgment. On appeal the judgment was affirmed except as to the defendant Knupp. As to him the judgment was reversed on the ground that plaintiff's title to the land should have been quieted against this defendant who had expressly disclaimed any interest therein or any claim thereto and that the motion for judgment on the pleadings was not made by him or on his behalf. The clerk of this court issued a *remittitur* containing the provision: "Plaintiff and appellant Bradley Company to recover costs on appeal as against defendant and respondent Guy Knupp." ▮ The present motion is to recall the *remittitur* and to strike from it the above-quoted provision. The ground of the motion is that rule XXIII of the rules of this court which permits the insertion in the *remittitur* of a provision that appellant shall recover costs in all cases in which the judgment appealed from is reversed and the order of reversal contains no directions as to costs on appeal may not prevail against section 739 of the Code of Civil Procedure, which expressly declares that a plaintiff in an action to quiet title cannot recover costs against a disclaiming defendant. In opposition to the motion plaintiff maintains that its action is not a suit to quiet title but that it is merely an action for declaratory relief and that therefore section 739 is not applicable and it was entitled on reversal of the judgment as to Knupp to recover costs on appeal against this defendant.

Plaintiff's contention is not persuasive. While it is true that the prayer of the amended complaint asked that the rights and duties of the plaintiff and defendants with respect to the bonds be declared it did not stop with this request. The prayer went further and demanded that defendants be required to set forth the nature of their claims to the land and that all adverse claims thereto should be determined by a decree which should adjudge that plaintiff is the owner of the land affected by the bonds and that defendants have no estate or interest therein and that they be debarred from setting up any adverse claim thereto. It is apparent, then, that the action was one not only for declaratory relief but also to quiet plaintiff's title to the land. The above-mentioned section of the code is therefore applicable and the *remittitur* was incorrect in containing a provision which permitted the recovery of costs from a defendant who had expressly disclaimed any interest in the real property or any claim to the bonds.

The procedure here followed for correction of the *remittitur* is proper. (*Estate of Steehler,* 197 Cal. 67 [239 Pac. 718]; *San Joaquin etc. Irr. Co.* v. *Stevinson,* 165 Cal. 540 [132 Pac. 1021].)

The motion is granted. It is ordered that the *remittitur* be recalled for the purpose of striking therefrom the hereinabove quoted provision permitting recovery of costs on appeal from the defendant Guy Knupp, and as corrected is ordered to issue forthwith.

Barnard, P. J., and Marks, J., concurred.